PER CURIAM.
In this workers’ compensation appeal, the employer Munford, Inc. (Munford) seeks review of the deputy commissioner’s order directing it to provide rehabilitation to the claimant. Specifically, Munford objects to the order requiring it to bear the expense of rehabilitation services to be provided by Statewide Rehabilitation, Inc. (Statewide). All of the stock of Statewide is owned by members of the law firm that represents the appellee/claimant.
This case is controlled by this court’s opinion and decision in the case of Barnmac, Inc., and Cigna Corporation v. Raymond Grady, 500 So.2d 274 (1986), on the narrow issue presented on this appeal.
Claimant in the instant case received a work-related injury on May 13, 1982, and reached maximum medical improvement with respect to that injury on February 25, 1983. A rehabilitation counselor provided by the employer first contacted claimant on January 31, 1983. Subsequently, due to claimant’s non-work-related health problems, there was a period from August 1983 until January 1984, when the employer’s rehabilitation counselor was not in contact with the claimant.
Once claimant recovered from her secondary health problems, the counselor reestablished contact with her. The counsel- or’s efforts were directed primarily to a program of on-the-job training as opposed to a formal educational or training program. However, from January 1984 *912 through September 19, 1985, the counselor was unsuccessful in her efforts to obtain a job for this claimant.
Claimant was referred to Statewide Rehabilitation, Inc. by her lawyer. On June 6, 1985, Mr. Charles May, president of Statewide Rehabilitation, Inc., conducted an extended interview with claimant. Following this interview, Mr. May prepared an Individualized Written Rehabilitation Plan (IWRP) for claimant. This IWRP was filed with Munford on June 24, 1985. The deputy commissioner’s order directed Munford to provide rehabilitation to the claimant under the direction of Statewide Rehabilitation, Inc., and authorized Statewide to implement the vocational objectives set out in their IWRP.
We have fully considered the facts disclosed by the record in this case, and have had the additional benefit of supplemental briefs and oral argument in conjunction with our consideration of Bammac and another case presenting the same issue (see Bammac opinion, footnote 1). While we agree with the E/C’s position that the representation by attorneys owning Statewide of clients seeking the award of rehabilitation services to be performed by Statewide is improper, and subjects the attorneys to disqualification for the reasons explained in Bammac, we also find that retrospective application of the Bammac decision is not warranted. We therefore affirm with the same admonition as stated in our Bammac decision with regard to the attorneys’ representation of the claimant in connection with further proceedings seeking orders or awards involving Statewide.
AFFIRMED.
SMITH, JOANOS and WIGGINTON, JJ., concur.