520 So.2d 644 (1988)
Donna Pinorsky ROTHBLATT, Administrator, Arthritis Medical Center, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. 87-1851, 87-1999.
District Court of Appeal of Florida, Fourth District.
February 17, 1988.
Karen Coolman Amlong of Amlong & Amlong, P.A., Fort Lauderdale, for appellant.
Richard A. Patterson, Asst. General Counsel, Tallahassee, for appellee.
GLICKSTEIN, Judge.
This is an appeal of a final order of appellee administrative agency, issued in a manner comparable to a default judgment issued by a judicial body, and of a subsequent *645 order denying appellant's motion to set aside default. The agency stated that failure of appellant to request a formal hearing within the time stated in the pertinent administrative rule was jurisdictional and therefore the Department was without authority to vacate the final order. We disagree with that conclusion, reverse and remand.
On April 13, 1987, appellant received from appellee by certified mail an administrative complaint stating the Department's intent to impose a $10,000 fine against appellant for violation of the Florida Drug and Cosmetic Act, Chapter 499, Florida Statutes (1985), and rule 10D-45, Florida Administrative Code, and notifying appellant of the right to request a formal hearing. Rule 10-2.036, Florida Administrative Code, states that a request for a formal administrative hearing must be received by the Department within thirty days of receipt of the decision.
Appellant's request for an administrative hearing and answer were sent by express mail on May 18, 1987, and received at the Department on May 19, 1987. The deadline under the above rule was May 13, 1987. The Department proceeded to issue its final order on June 5, 1987, and denied appellant's request for a hearing because it was untimely filed.
Appellant's attorney's affidavit in support of appellant's motion to set aside default states that the attorney gave the request for formal hearing to the firm's receptionist on May 11, 1987, to send by Federal Express the next day, and did not know it was instead sent about a week later, until she received a copy of the final order on June 10, 1987. The receptionist was fired for ineptitude on June 1, 1987. The motion to set aside default was served by mail on June 15, 1987.
We find it unnecessary to consider the constitutionality of the authorities on which is based the final order which we are setting aside. The agency was without authority to determine its own jurisdiction, and the facts reflect excusable neglect.
Inland Capital Corporation v. Lewis, 362 So.2d 676 (Fla. 4th DCA 1977), is not factually identical; but we agree with a number of the thoughts expressed in the opinions written, on rehearing, by each of the three panelists. What occurred here was late service and filing of a responsive pleading, nothing more. Subsequently, there was compliance with the requirements of Somero v. Hendry General Hospital, 467 So.2d 1103 (Fla. 4th DCA), review denied, 476 So.2d 674 (Fla. 1985). We are not concerned with an untimely appeal.
HERSEY C.J., concurs.
LETTS, J., concurs in conclusion only.