593 So.2d 1116 (1992)
Richard A. CASTILLO, Jr., Appellant,
v.
DEPARTMENT OF ADMINISTRATION, DIVISION OF RETIREMENT, Appellee.
No. 91-00504.
District Court of Appeal of Florida, Second District.
January 31, 1992.
Rehearing Denied March 4, 1992.
*1117 Keith F. Roberts, Tampa, for appellant.
Burton M. Michaels of Div. of Retirement, Tallahassee, for appellee.
CAMPBELL, Acting Chief Judge.
Appellant, Richard A. Castillo, Jr., challenges the Department of Administration's (Agency) dismissal of his petition for an administrative hearing as untimely filed. We find that equity requires us to remand for a factfinding proceeding.
Appellant had sought benefits as a beneficiary of a recently deceased member of the Florida Retirement System. After discussions and correspondence with appellant concerning his claim, the Agency issued a "final agency action" letter denying appellant's claim. The letter advised that appellant could request a hearing by filing a written petition for an administrative hearing within twenty-one days of his receipt of the final agency action letter. Appellant received the letter on December 11, 1990, and mailed his petition on December 31, 1990, twenty days later.
Appellant attached an affidavit to his brief stating that he had called the Agency on December 31, and had been told by an employee of the Agency that posting within twenty-one days would satisfy the filing requirement. Appellant also attached the affidavit of his secretary, stating that she prepared the petition for mailing on December 31. However, these two affidavits were not before the Agency below when it dismissed appellant's petition as untimely.
Under section 120.68(6), Florida Statutes (1989):
When there has been no hearing prior to agency action and the reviewing court finds that the validity of the action depends upon disputed facts, the court shall order the agency to conduct a prompt, factfinding proceeding under this act after having a reasonable opportunity to reconsider its determination on the record of the proceedings.
In view of the fact that the filing of such a notice is not jurisdictional (Machules v. Dep't of Admin., 523 So.2d 1132, n. 2 (Fla. 1988)), but is analogous to statutes of limitation which are subject to equitable considerations, equity requires us to remand for a factfinding proceeding to allow the agency to review the affidavits and consider appellant's arguments. See also Symons v. Dep't of Banking, 490 So.2d 1322 (Fla. 1st DCA 1986).
HALL and PATTERSON, JJ., concur.