WENTWORTH, Senior Judge.
Appellant, Beacon Finance, Inc. (Beacon), is an insurance premium finance company holding a license from the Department of Insurance pursuant to part XV of chapter 627, Florida Statutes.[1] On or about September 20, 1993, the Department of Insurance (Department) filed an order to show cause setting forth three counts. Count I asserted that Beacon, “through its agent,” Seminole Marketing Corporation (Seminole), had provided rebates or inducements to the financing of an insurance policy with a premium finance company in violation of sections 627.837 and 627.832(l)(e), (l)(g), and (l)(h), Florida Statutes. Count II asserted that Beacon had failed to comply with the Department’s request that it produce certain records of Seminole, thereby violating sections 627.836(1) and (2), and 624.418(2)(b), Florida Statutes. Count III charged Beacon with using methods and practices in the conduct of its business so as to render further transactions of business in this state hazardous or injurious to its consumers or the public in violation of section 624.418(l)(b), Florida Statutes. These charges stemmed from factual allegations in the show cause order suggesting that Seminole was issuing $5 checks to insurance agents for each contract financed through Beacon.
Following a hearing before the Division of Administrative Hearings, the hearing officer entered her recommended order on March 11, 1994, recommending that Beacon’s “certificate of authority” be revoked by the Department. The hearing officer found that Beacon had essentially set up a contractual arrangement with Seminole by which Beacon was able to avoid the responsibilities and prohibitions set forth in chapter 627. More specifically, the hearing officer found that Beacon’s “practice of inducing, through Seminole, insurance agents in the state of Florida to violate the Insurance Code by accepting illegal payments is detrimental to the insurance industry and to the public. The only penalty which would assuredly protect the public from [Beacon’s] business practices is revocation.”
Beacon served its exceptions to the recommended order by mail and by facsimile transmission on March 21,1994. Nevertheless, in its final order entered on April 20, the Department of Insurance expressly ruled that Beacon’s exceptions were not timely under rule 4-121.072, Florida Administrative Code, because they were received by the Department on March 23, 1994, twelve days after the entry of the recommended order. Consequently, the Department did not specifically address the exceptions in its final order. However, the Department did adopt the hearing officer’s findings of fact and conclusions of law, as well as her recommendation that Beacon’s “certificate of authority” be revoked. On appeal, Beacon raises several points urging reversal of the final order. Because we find three of the points raised to be meritorious, we reverse and remand for further proceedings.
As a preliminary matter, we agree with Beacon’s argument under point one that the Department erred in failing to consider Beacon’s exceptions to the recommended order. Rule 4-121.072, Florida Administrative Code, provides that “[t]he Department shall allow ten (10) days in which any party of record may submit written exceptions to recommended orders.” Beacon’s exceptions to the recommended order were served by mail on March 21, 1994, the tenth day following the entry of the recommended order. The Department’s reliance on when the exceptions were received in its office is misplaced. Model rule 28-5.103, Florida Administrative Code, allows an additional five days to be *199 added to prescribed time limits when service is made by mail. This model rule applies to the Department under section 120.54(10), Florida Statutes, and we hold that Beacon’s exceptions were timely under the rule.[2] Since it would be inappropriate for this court to pass on the merits of Beacon’s exceptions, Iturralde v. Department of Professional Regulation, 484 So.2d 1315, 1316 (Fla. 1st DCA 1986), on remand it will be incumbent upon the Department to consider them.
The Department’s final order must also be reversed to the extent that the Department’s application of the provisions of section 624.418, Florida Statutes, constituted error permeating the entire proceedings. As noted above, the hearing officer found that, in violation of section 624.418(2)(b), Beacon refused to provide the Department records relating to the conduct of its business, and used methods and practices in the conduct of its business so “as to render its further transaction of insurance in this state hazardous or injurious to its policyholders or the public” in violation of section 624.418(l)(b). The hearing officer expressly stated:
Although Sections 627.83[2](1) and 624.418(2) provide that the Department may suspend or revoke a certificate of authority for violations of those statutes, Section 624.418(l)(b), Florida Statutes, provides that the Department shall suspend or revoke a certificate of authority for violation of that statute_ [Beacon’s] practice of inducing, through Seminole, insurance agents in the State of Florida to violate the Insurance Code by accepting illegal payments is detrimental to the insurance industry and to the public. The only penalty which would assuredly protect the public from [Beacon’s] business practices is revocation.
We agree with Beacon that the foregoing portion of the recommended order makes clear that revocation was based on the mandatory provisions of section 624.418(l)(b). However, that statute is patently inapplicable to Beacon and applies only to an insurer as defined in chapter 624 under section 624.03, Florida Statutes. Beacon is not an insurer but, rather, a premium finance company separately regulated under chapter 627 and separately defined in section 627.826, Florida Statutes.
Further evidence of the hearing officer’s reliance on the provisions of chapter 624 is her consistent reference to revoking Beacon’s “certificate of authority.” However, only insurers are issued certificates of authority under sections 624.401, 624.402, and 624.413, Florida Statutes. In contrast, Beacon, as a premium finance company, is issued a “license” pursuant to sections 627.828 and 627.829.
In State Department of Environmental Regulation v. Puckett Oil Co., 577 So.2d 988 (Fla. 1st DCA 1991), this court observed
that article I, Section 18, of the Florida Constitution prohibits an administrative agency from imposing a sentence of imprisonment or any other penalties except as provided by law. Pertinent case law reveals that an agency possesses no inherent power to impose sanctions, and that any such power must be expressly delegated by statute.
The Legislature has in section 627.832 authorized the imposition of penalties against licensed insurance premium finance companies under certain enumerated circumstances. There is no statutory authority, however, which would allow the Department to apply to a premium finance company the provisions of subsections 624.418(l)(b) or (2)(b), the statute pursuant to which the hearing officer and the Department revoked Beacon’s license. Accordingly, we quash that portion of the final order which purports to revoke Beacon’s license pursuant to section 624.418 and remand for further proceedings pertain *200 ing to the remaining allegations of the show cause order properly charging violations under section 627.887.
Finally, the hearing officer and the Department erred in finding that Beacon violated the provisions of section 627.836(1) and 624.318(2) by failing to produce records of Seminole Marketing Corporation. The Department demanded that Beacon produce the following documents:
(3) All payments issued by the management company(ies) for the period June 1, 1992 thru [sic] September 30, 1992.
(4) Agreements by the management com-panyfies) with anyone else relative to the above management agreement.
[[Image here]]
(5) Financial statements of the management company(ies) for the years ended 12/31/91 and 12/31/92.
The Department asserted as its authority for the production of such records section 624.318(2). However, such section requires only that a person make available to the Department such documents as are in its possession or control. Section 627.836(1) is equally lacking in support for the Department’s request as it simply requires that a premium finance company keep such books, accounts, and records as will enable the Department to determine whether the licensee is complying with the provisions of part XV of chapter 627. Here, the Department was requesting records apparently in the exclusive possession and control of Seminole, not Beacon. In an analogous situation, this court in Seminole Enterprises of Bonifay, Florida, Inc. v. Manuel, 464 So.2d 1301 (Fla. 1st DCA 1985), held that a court had no jurisdiction over corporations not parties to the case so as to order them to produce corporate books and records where a party’s motion only sought an order requiring that the other party make demand upon the corporation for production of the records. Here, Beacon did make the demand on Seminole as required by the Department, albeit unsuccessfully, and the Department presented no evidence of a clear and convincing nature that the requested records of the “management company” were in the possession or control of Beacon. Thus, it was error for the Department to find that Beacon had violated the provisions of sections 624.318(2) and 627.836(1).[3]
However, we do affirm the Department’s finding that Beacon violated section 627.837. The Department established by clear and convincing evidence that Beacon provided a rebate or other valuable consideration as an inducement to the financing of an insurance policy with a premium finance company. Nevertheless, because of the above-enunciated errors, we must remand this cause to the Department for reconsideration of the appropriate chapter 627 penalty under properly alleged and proven charges.
For the foregoing reasons, the final order of the Department of Insurance is affirmed in part, quashed in part, and remanded for further proceedings consistent with this opinion.
ALLEN and DAVIS, JJ., concur.

. As a premium finance company, Beacon advances necessary funds on behalf of an insured as payments of premiums on the insured's contract of insurance. In return, Beacon receives a written agreement or promissory note from the insured to repay the amount advanced, together with a service charge authorized by law. See §§ 627.826(1) and 627.827, Fla.Stat. (1993).

. Section 120.54(10) provides in pertinent part: On filing with the department [of State], the appropriate model rules shall be the rules of procedure for each agency subject to this act, to the extent that each agency does not adopt a specific rule of procedure covering the subject matter contained in the model rules applicable to that agency.
While the Department has adopted certain rules of procedure in chapter 4-121, Florida Administrative Code, it has not adopted a specific rule of procedure covering the computation of time and thus, rule 28-5.103 applies. See Eager v. Florida Keys Aqueduct Authority, 605 So.2d 883 (Fla. 3d DCA 1992).

. To the extent that we are reversing and remanding for further proceedings as noted above, we need not reach Beacon's fifth point charging that section 627.836(1) is unconstitutional as applied.