715 So.2d 1036 (1998)
UNIMED LABORATORY, INC., Appellant,
v.
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellee.
No. 97-1575.
District Court of Appeal of Florida, Third District.
July 29, 1998.
Rehearing Denied September 2, 1998.
Entin & Margules and Christopher W. Prusaski, Fort Lauderdale, for appellant.
Costas Miskis, for appellee.
Before JORGENSON, LEVY and GREEN, JJ.
GREEN, Judge.
Unimed Laboratory, Inc. ("Unimed") appeals a final order entered by the Agency for Health Care Administration ("AHCA"), without a hearing, which ordered Unimed to reimburse the state the sum of $199,083.50 and denied Unimed's belated request for a hearing. We remand this cause for a hearing on the issue of whether Unimed's failure to timely request an administrative hearing in this cause constituted excusable neglect.
In a final action letter dated January 9, 1997, AHCA notified Unimed that it had received $199,083.50 from Medicaid for laboratory services not directly performed by Unimed and that Medicaid does not reimburse a lab provider for services not directly performed by the provider. This letter also informed Unimed of its right to request a hearing pursuant to section 120.57, Florida Statutes (1996), within twenty-one days of Unimed's receipt of the letter. On February 14, 1997, thirty days after Unimed's receipt of this letter, AHCA received Unimed's written *1037 request for an administrative hearing. Unimed challenged AHCA's assertion that it had received payment for laboratory services not performed and asserted that AHCA's findings were the result of inaccurate audits. On February 19, 1997, AHCA issued an order to show cause directing Unimed to explain why its request for a hearing should not be dismissed as untimely. Unimed's response to this show cause order was due to be received no later than twenty-one days after the mailing of the order. Unimed failed to respond to this order to show cause. Thereafter, on May 22, 1997, AHCA issued a final order dismissing Unimed's request for a hearing and confirming its final action letter directing Unimed to remit the sum of $199,083.50. Unimed thereafter filed its pro se notice of appeal to this court.
On this appeal, Unimed asserts that pursuant to section 120.68(7)(a), Florida Statutes (1996)[1], we must remand this cause for a hearing where it has been ordered to reimburse the state a large sum of money without having an opportunity to present evidence of a possible error on the part of AHCA. Alternatively, Unimed urges either this court and/or AHCA to make a finding that its failure to timely request a hearing and failure to respond to the order to show cause to be the result of excusable neglect based upon its sworn affidavit attached to its brief. We note that this affidavit, was never presented to AHCA. According to this affidavit the owner and president of Unimed had directed a former laboratory supervisor to timely request a formal hearing, but was unaware of the fact that the request for a hearing had been filed untimely. The affidavit further averred that the owner and president had also been unaware of the fact that the order to show cause had been sent by virtue of the fact that the same former laboratory supervisor had misfiled the order to show cause. Thus, the affidavit asserts that Unimed was still awaiting a hearing date when it received AHCA's final order. AHCA, on the other hand, argues that Unimed's failure to timely request a hearing and/or respond to the order to show cause constitutes a complete waiver of Unimed's right to a hearing. See Lamar Adver. Co. v. Department of Trans., 523 So.2d 712, 713 (Fla. 1st DCA 1988); Mohican Valley, Inc. v. Division of Florida Land Sales and Condominiums, 441 So.2d 1126, 1128 (Fla. 1st DCA 1983); City of Punta Gorda v. Public Employees Relations Comm'n., 358 So.2d 81, 82 (Fla. 1st DCA 1978).
We note that waiver, by definition, is the intentional relinquishment of a known legal right. See Gilman v. Butzloff, 155 Fla. 888, 891, 22 So.2d 263, 265 (1945); Peninsula Fed. Sav. and Loan Ass'n v. DKH Properties, Ltd., 616 So.2d 1070, 1076 n. 12 (Fla. 3d DCA 1993); see also Abamar Hous. and Dev., Inc. v. Lisa Daly Lady Decor, Inc., 698 So.2d 276, 277 (Fla. 3d DCA 1997). Because it affirmatively appears that there is a genuine factual dispute between these parties as to whether Unimed's untimely request for a hearing was the result of excusable neglect, we remand this cause to the agency for an evidentiary hearing on this issue. See Phillip v. University of Florida, 680 So.2d 508, 509 (Fla. 1st DCA 1996)(employee entitled to hearing on whether his untimely filed petition for hearing should be excused where affidavits alleged facts that would excuse untimely filing); Castillo v. Department of Admin. Div. of Retirement, 593 So.2d 1116 (Fla. 2d DCA 1992)("In view of the fact that the filing of such a notice is not jurisdictional, but is analogous to statutes of limitation which are subject to equitable considerations, equity requires us to remand for a factfinding proceeding to allow the agency to review the affidavits and consider appellant's arguments.") (citations omitted). Should Unimed's untimely request for a hearing be deemed excusable, Unimed would certainly be entitled to a full hearing on the merits where as here, the validity of the final order assessing Unimed $199,083.50 depends upon *1038 the disputed accuracy of AHCA's investigation and/or audit. See § 120.68(7)(a), Fla. Stat.
Remanded for further proceedings.
NOTES
[1] This section of the statute states in pertinent part:

(7) The court shall remand a case to the agency for further proceedings consistent with the court's decision or set aside agency action, as appropriate when it finds that:
(a) There has been no hearing prior to agency action and the reviewing court finds that the validity of the action depends upon disputed facts;