734 So.2d 1180 (1999)
Thomas Anthony APPEL, Appellant,
v.
FLORIDA DEPARTMENT OF STATE, DIVISION OF LICENSING, Appellee.
No. 97-01198.
District Court of Appeal of Florida, Second District.
June 25, 1999.
*1181 R. Michael Robinson, St. Petersburg, for Appellant.
Kristi Reid Bronson, Assistant General Counsel, Department of State, Tallahassee, for Appellee.
PATTERSON, Acting Chief Judge.
Thomas Appel appeals from a final order of the Florida Department of State, Division of Licensing (the Department), which found that his request for a hearing was untimely and revoked his licenses as a security officer and security agency manager. We reverse.
The Department, pursuant to section 493.6121, Florida Statutes (Supp.1996), filed a complaint dated January 31, 1997, against Appel. The complaint contained a "Notice of Rights" pursuant to section 120.57, Florida Statutes (Supp.1996), which stated that to assert his right to a hearing on the merits of the complaint Appel was required to complete the attached "Election of Rights" form and return the form to the Department within twenty-one days of receipt of the notice. The complaint charged that Appel had falsely certified that one of his employees had been determined to be mentally and emotionally stable by a written psychological test.
The complaint was sent to Appel by certified mail, return receipt requested. Appel contends it was sent to the wrong address. The Department disputes that assertion, saying it has no record support. Appel claims that his brother accepted the complaint. The return receipt itself bears a signature "Tom Appel," but also contains indications that it was signed on his behalf. The return receipt bears a delivery date of February 8, 1997. In any event, Appel acknowledges that he received the complaint from his brother a few days later.
The complaint states, "In order to request a hearing, you must complete the enclosed Election of Rights form and return it to the Division of Licensing within twenty-one (21) days of receipt of this complaint" (emphasis added). The Election of Rights form states, "This form must be filed at the Division of Licensing office in Tallahassee, Florida, within 21 days of receipt" (emphasis added). The complaint and the election of rights form therefore conflict as to what a respondent must do within the designated twenty-one day period, i.e., "return" versus "file." Florida Administrative Code Rule 28-5.111(1) *1182 provides that a person requesting a hearing on agency decisions determining substantial interests "shall file a petition with the Agency within twenty-one (21) days of receipt of written notice of the decision, or within twenty-one (21) days of receipt of written notice of intent to render such decision."[1]
The record reflects that on February 24, 1997, sixteen days after the receipt date of February 8, Appel mailed the election of rights form by certified mail to the Department from St. Petersburg. The Department records reflect that it was not received and filed until March 5, 1997, some nine days later. The Department asserts that the form was filed on the twenty-fifth day and, therefore, was four days late. Based on that determination, and without further notice to Appel, the Department entered a final order by default against him which revoked his licenses.
This appeal presents two issues. The first is whether Appel should be deemed to have waived his right to a hearing under the totality of the circumstances. The filing of a petition for a hearing is not jurisdictional but is analogous to statutes of limitation which are subject to equitable considerations. See Castillo v. Department of Admin., Div. of Retirement, 593 So.2d 1116 (Fla. 2d DCA 1992). Late filing may be presumed to constitute a waiver of rights, but Appel is entitled to rebut that presumption at an evidentiary hearing. See State, Dep't of Envtl. Regulation v. Puckett Oil Co., 577 So.2d 988 (Fla. 1st DCA 1991). This record reflects that Appel intended to invoke his right to a hearing, made a timely and good faith effort to comply with the twenty-one day filing requirement, and was thwarted by the United States Postal Service, which took nine days to deliver a letter 250 miles.
The second and controlling issue is whether Appel's petition for a hearing was in fact timely filed. Pertinent to this question is Florida Administrative Code Rule 28-5.103, which in pertinent part reads, "In computing any period of time prescribed or allowed by these rules.... Five days may be added to prescribed time limits when service is made by mail."[2] If Appel has the benefit of these additional five days, his petition was filed timely. We have found only one case which resembles the situation here. In Beacon Finance, Inc. v. Department of Insurance, 656 So.2d 197 (Fla. 1st DCA 1995), Florida Administrative Code Rule 4-121.072 provided that "[t]he Department shall allow (10) days in which any party of record may submit written exceptions to recommended orders." The Department rejected Beacon's exceptions as being untimely. In rejecting the Department's ruling, the First District said:
Beacon's exceptions to the recommended order were served by mail on March 21, 1994, the tenth day following the entry of the recommended order. The Department's reliance on when the exceptions were received in its office is misplaced. Model rule 28-5.103, Florida Administrative Code, allows an additional five days to be added to prescribed time limits when service is made by mail. This model rule applies to the Department under section 120.54(10), Florida Statutes, and we hold that Beacon's exceptions were timely under the rule.
656 So.2d at 198-99. The rule likewise applies to the Department in this case. We find no substantive difference between the use of the word "file" in rule 28-5.111, *1183 which governs the request for a hearing in these proceedings and the word "submit" in rule 4-121.072. We therefore hold that Appel has the benefit of the additional five days provided in rule 28-5.103 and that his petition for a hearing was timely filed. Accordingly, we reverse the final order and remand for a hearing on the merits.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] Rule 28-5.111 was repealed on June 30, 1998, and replaced by Florida Administrative Code Rule 28-106.111.
[2] Rule 28-5.103 was repealed on June 30, 1998. It has been replaced by Florida Administrative Code Rule 28-106.103 which is essentially the same but contains the following additional language: "No additional time shall be added ... when the period of time begins pursuant to a type of notice described in Rule 28-106.111."