742 So.2d 473 (1999)
JANCYN MANUFACTURING CORPORATION, Appellant,
v.
STATE of Florida, DEPARTMENT OF HEALTH, Appellee.
No. 98-578.
District Court of Appeal of Florida, First District.
September 22, 1999.
*474 J. Robert Griffin, Tallahassee; Michael Alan Dailey of Gillen, Daily & Cromwell, LLC, Atlanta, Georgia, for appellant.
Amy N. Jones, Deputy General Counsel, and Patricia A. Matthews, Senior Attorney, Department of Health, Office of the General Counsel, Tallahassee, for appellee.
VAN NORTWICK, J.
Jancyn Manufacturing Corporation appeals a final order of the Florida Department of Health, the appellee, which denied Jancyn an administrative hearing under chapter 120, Florida Statutes. The Department's ruling was based on its conclusion that Jancyn had waived its right to a hearing by its failure to request a hearing in a timely manner following the Department's entry of a stop sale order which required Jancyn to remove its septic tank cleaning product, "Drainz," from Florida markets. Jancyn argues that the Department erred in failing to rule that the time for filing a petition for an administrative hearing had been equitably tolled by what Jancyn describes as "informal negotiations" between Jancyn and the Department. Because we find that the record on appeal does not support the application of this equitable doctrine, we affirm.
By a stop sale order issued on July 13, 1993, the Department ordered Jancyn to remove Drainz from the Florida market because it contained materials banned under Florida law. On January 10, 1996, the parties entered into a settlement agreement whereby Jancyn agreed to remove certain compounds from the product before further distribution in Florida. A second stop sale order was entered by the Department on June 18, 1997, on the grounds that the product was found again to contain certain banned substances and because the product was being distributed in violation of the 1996 settlement agreement. In the June 1997 stop sale order, Jancyn was advised of its right to a formal administrative hearing under chapter 120, Florida Statutes.
On August 8, August 15, October 6 and October 15, 1997, Jancyn, through counsel, requested and obtained extensions of the time within which Jancyn must "remove `Drainz' from sale in Florida or ... file initial pleadings regarding the stop sale order received by Jancyn on June 23, 1997." Jancyn's request of October 27, 1997 provided further:
As you know, the parties met on August 13, and reached a conceptual agreement as to the resolution of this matter. At the meeting, Jancyn agreed to provide DOH with some additional information to facilitate the parties' conceptual agreement.
Jancyn provided the requested information to DOH on September 5 and, at that time, DOH requested 30 days to review the information. Subsequently, DOH requested additional information from Jancyn regarding the chemical composition of OPO-140. That information, in the form of a Material Safety Data Sheet (MSDS) from Jancyn's supplier is being provided to you today under separate cover. The purpose of the extension of time that we are requesting in this letter is to give DOH an additional twenty (20) days to complete its review.
On October 28, 1997, the Department requested additional information concerning *475 the chemical composition and concentration of certain ingredients in Drainz. On October 30, 1997, counsel for Jancyn advised the Department in writing that he had withdrawn from representation of Jancyn. Counsel also advised:
We have provided Mr. Budd [President of Jancyn] [with] DOH's request for additional information dated October 28, 1997, and advised him of the importance of promptly providing the requested information. Mr. Budd is also aware that Jancyn requested an additional extension of time through November 17, 1997, and that no written response has yet been received.
By a fax dated November 3, 1997, Budd provided a response to the Department's October 28 letter. Budd's fax describes the chemical properties of certain ingredients in Drainz; but Budd does not request a further extension of time for the filing of a petition for an administrative hearing. No further communication occurred between Jancyn and the Department until the issuance of the final order.
The Department issued a final order on January 12, 1998. The final order contains several findings of fact, including the following:
15. Finally, on October 27, 1997 [after granting repeated requests for extensions of time], the Department granted Jancyn an extension of time, until November 17, 1997, to either remove "Drainz" from sale in Florida or to file initial pleadings regarding the stop sale issued by the Department. The Department granted this request for [an] extension of time.
16. On October 30, 1997, Jancyn's counsel informed the Department that it would no longer represent Jancyn in this matter and that Mr. Richard Budd, President of Jancyn, was aware that an extension of time had been granted through November 17, 1997, and that no written response had yet been received by the Department.
17. Jancyn did not file an additional request for [an] extension of time.
18. Jancyn did not file a petition for either a formal or informal administrative hearing within the now-expired time period.
As a result, the Department concluded, in pertinent part, that "Jancyn has waived its right to an administrative hearing by its failure to request a hearing in a timely manner. Fla.Admin.Code R. 28-106.111." The Department found that Jancyn had violated the terms of the 1996 settlement agreement and ordered Jancyn to comply immediately with the terms of the June 18, 1997 stop sale order.
It is well-established that the doctrine of equitable tolling can be applied to toll the time for seeking review of agency action. See Machules v. Department of Admin., 523 So.2d 1132 (Fla.1988). Generally, this doctrine is applied when a party has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum. Machules, 523 So.2d at 1134; see also Environmental Resource Assocs. of Florida, Inc. v. State, Dep't of Gen. Servs., 624 So.2d 330 (Fla. 1st DCA 1993). Our review of the record, including the affidavit of Budd, as president of Jancyn, submitted on the authority of Phillip v. University of Florida, 680 So.2d 508 (Fla. 1st DCA 1996) and Castillo v. Department of Admin., 593 So.2d 1116 (Fla. 2d DCA 1992), discloses that the factual circumstances necessary to require the application of the doctrine into play have not occurred in the instant case.
The record is clear that the Department never withdrew its stop sale order, nor did it misrepresent the significance of the November 17, 1997 deadline. As Budd acknowledges in his affidavit, Jancyn was advised upon its counsel's withdrawal from representation that it had until November 17, 1997 to "provide the additional information [previously requested by the Department] and obtain an additional extension, or to file a petition for an administrative hearing pursuant to Chapter 120, *476 Florida Statutes." (Emphasis added). While on November 3 Budd did communicate with the Department to provide information in response to the Department's technical questions regarding the chemical composition of Drainz, he at no time in November or December sought a further extension of time or even suggest that Jancyn wished to pursue a proceeding under chapter 120, Florida Statutes. Compare Abusalameh v. Department of Bus. Regulation, Div. of Alcoholic Beverages and Tobacco, 627 So.2d 560 (Fla. 4th DCA 1993) (receipt by agency of letter requesting that the date of an informal conference be continued, that the agency proceeding be "put on hold," and requesting response from the agency to the letter put the agency on notice that party was not waiving its administrative remedies). Further, Jancyn's lack of representation as of October 30, 1997, does not excuse its inaction. The record is clear that Jancyn is not unsophisticated concerning the administrative process. The withdrawal of its counsel does not by itself constitute an extraordinary circumstance sufficient to require application of the equitable tolling doctrine.
As noted in Machules, 523 So.2d at 1135, application of the doctrine of equitable tolling to allow the prosecution of an untimely administrative proceeding is dependent, in part, upon a showing that the litigant has not "slept on its rights." See also Latin Express Serv., Inc. v. State, Dep't of Revenue, 660 So.2d 1059 (Fla. 1st DCA 1995). Because the record reveals that the failure to seek yet another extension or to file for a chapter 120 proceeding was the result of appellant's own inattention, and not the result of a mistake or agency misrepresentation, we affirm.
AFFIRMED.
BENTON and PADOVANO, JJ., concur.