813 So.2d 237 (2002)
Larry CANN and Diana Cann, Appellants,
v.
DEPARTMENT OF CHILDREN AND FAMILY SERVICES, Appellee.
No. 2D01-1157.
District Court of Appeal of Florida, Second District.
April 5, 2002.
Kurt A. Streyffeler of Kurt A. Streyffeler, P.A., Fort Myers, for Appellants.
William Byrne Isaacs, Port Charlotte, for Appellee.
ALTENBERND, Judge.
Larry and Diana Cann appeal a final administrative order that denied their request for an administrative hearing as untimely. The Canns requested an administrative hearing to contest the decision of the Department of Children and Family Services (the Department) that denied them relicensure as a medical foster home. We affirm.
The Canns were foster parents for three children with serious medical conditions. When the Canns sought to renew their *238 license for a medical foster home in the year 2000, the Department denied their application. On November 7, 2000, the Department sent the Canns a letter of denial by certified mail. The letter informed them that their request for relicensing was being denied, stated the grounds for the denial, and informed them that they could contest the denial by filing a request for an administrative hearing with the Department within twenty-one days of their receipt of the letter. The Canns received this letter on November 8, 2000.
The Canns retained counsel to request an administrative hearing to contest the denial. Counsel properly marked November 29, 2000, on his calendar as the due date for the request and prepared the request on November 28, 2000. It was counsel's intent that the request would be mailed that day and arrive at the Department's office on the date it was due. Unfortunately, although the request was delivered to the post office on the day it was prepared, it did not arrive at the Department's office until November 30, 2000.
The Department issued a notice of intent to dismiss the request as untimely. Counsel for the Canns responded, providing proof that he had prepared the document on the day before it was due and delivered it to the post office that day. The Department's office was in close proximity to counsel's office, and therefore counsel expected the request would arrive at the Department's office the following day. Counsel did not know why the letter took two days to be delivered rather than one.[1] The Department reviewed this response but concluded that it was undisputed that the request was one day late, and therefore the request must be denied as untimely. The Department entered a final order dismissing the request. It is this order that the Canns appeal.
The Canns argue that the late request should be accepted because the one-day delay was the result of excusable neglect. At least two district courts of appeal have previously applied an excusable neglect standard to determine whether an untimely request for an administrative hearing should be granted. See Unimed Lab., Inc. v. Agency for Health Care Admin., 715 So.2d 1036 (Fla. 3d DCA 1998); Rothblatt v. Dep't of Health & Rehabilitative Servs., 520 So.2d 644 (Fla. 4th DCA 1988). Prior opinions have consistently held that the late filing of a request for an administrative hearing is not a jurisdictional defect. Appel v. Fla. Dep't of State, Div. of Licensing, 734 So.2d 1180 (Fla. 2d DCA 1999). See also Machules v. Dep't of Admin., 523 So.2d 1132 (Fla.1988). In Machules, although the supreme court did not adopt an excusable neglect standard, it did hold that the doctrine of equitable tolling could be applied to extend a similar administrative time limit.
In this case, Florida Administrative Code Rule 28-106.111(2), (4) required that the Canns file their request for an administrative hearing in the office of the Department within twenty-one days from the date they received the Department's notice.[2] Although Florida Administrative *239 Code Rule 28-106.103 allows an additional five days for mailing in some circumstances, that rule expressly excepts requests for hearing under rule 28-106.111. The Canns admit that they understood that their request had to be filed at the Department's office on November 29, 2000. Further, section 120.569(2)(c), Florida Statutes (2000), provides: "A petition shall be dismissed if ... it has been untimely filed." This language, requiring the dismissal of an untimely request, was added by chapter 98-200, section 4, at 1831, Laws of Florida. We conclude that this amendment overruled Unimed Laboratory and Rothblatt to the extent those cases held that an untimely administrative appeal could proceed if the delay was a result of excusable neglect.
We are not inclined to believe that section 120.569(2)(c), Florida Statutes (2000), overruled the holding in Machules that a late request for an administrative hearing is not a jurisdictional defect. We do not need to resolve that issue, however, because the requirements for equitable tolling were not met in this case. In Machules, the Florida Supreme Court stated, "Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." 523 So.2d at 1134. In this case, none of these three circumstances exist. The agency notice was proper, and the Canns knew the proper forum. Two days for the postal delivery of a letter is not "extraordinary."[3]
Because the Department's rules require the filing of the request for hearing within twenty-one days and section 120.569(2)(c) compels the dismissal of untimely requests, and because equitable tolling provides no exception in this case, we must affirm the Department's order dismissing the Canns' request for hearing as untimely. Cf. Fryer v. Fla. Unemployment Appeals Comm'n, 691 So.2d 27 (Fla. 2d DCA 1997) (affirming Unemployment Appeals Commission order affirming appeals referee's dismissal of request for review because it was untimely; noting, "The statute and rule do not permit any exceptions."). Id. at 27.
We note, however, that we are very sympathetic to the Canns' argument. In administrative matters affecting substantial interests, adopting an excusable neglect standard or a time schedule based on the date of service of requests for hearing would promote legitimate public policies. Unfortunately, this court lacks the power to create either rule for use in administrative proceedings.[4]
*240 Denying a day-late request for an administrative hearing in this context can be compared to the entry of a default in a judicial proceeding. In a judicial proceeding, a default can be set aside upon a showing of excusable neglect, a meritorious defense, and due diligence in seeking relief. See Allstate Ins. Co. v. Ladner, 740 So.2d 42, 43 (Fla. 1st DCA 1999). Judicial rules generally encourage the setting aside of defaults in order to promote the public policy of allowing claims to be decided on their merits, rather than upon procedural technicalities.
Likewise, judges have long suggested that the timeliness of a request for an administrative hearing should be calculated from the date of service of the request, not from the date of filing. See, e.g., Inland Capital Corp. v. Lewis, 362 So.2d 676, 677 (Fla. 4th DCA 1977) (Letts, J., concurring). Typically, procedural rules create filing requirements for jurisdictional pleadings and service requirements for nonjurisdictional pleadings. See, e.g., Fla. R.App. P. 9.110(b), (f). A filing requirement promotes the public policy of finality in those circumstances where finality is a matter of overriding importance. In light of the supreme court's holding in Machules that a late request for an administrative hearing is not a jurisdictional defect, it can be argued that a service requirement is more appropriate than a filing requirement to fulfill the public policies relevant to administrative appeals and to allow citizens a review of administrative decisions on their merits.
However, the legislature or the relevant agencies are the decision-makers to which these policy arguments must be directed. In the context of administrative law, the courts cannot override a filing rule that does not violate due process. The Department's order is therefore affirmed.
SILBERMAN, J., Concurs.
BLUE, C.J., Concurs with opinion.
BLUE, Chief Judge, Concurring.
I concur in Judge Altenbernd's well-written and well-reasoned opinion. I write to emphasize my disagreement with the rule we are required to enforce. One of the strengths of our system of justice is the belief that conflicts should be decided on the merits. For this reason, we employ the doctrine of "excusable neglect" to prevent the dismissal of potentially meritorious claims for technical defects. This concept has served the public well in the court system. I would ask that the legislature consider providing this equitable relief for those citizens of the state who are required to have their personal and property rights decided in the administrative arena.
NOTES
[1] Although the date of the postmark on the request is not relevant to our analysis, the letter was not postmarked on the date counsel prepared and delivered it to the post office. For some unknown reason, it was postmarked the following day.
[2] Florida Administrative Code Rule 28-106. 111 provides, in pertinent part:

28-106.111 Point of Entry into Proceedings and Mediation.
. . . .
(2) Unless otherwise provided by law, persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.
. . . .
(4) Any person who receives written notice of an agency decision and who fails to file a written request for a hearing within 21 days waives the right to request a hearing on such matters.
[3] In Appel v. Florida Department of State, Division of Licensing, 734 So.2d 1180 (Fla. 2d DCA 1999), this court noted that equitable considerations would apply to extend a similar administrative time limit when Appel mailed his request five days before the time limit expired, but the post office took nine days to deliver the letter 250 miles. Our decision in Appel, however, rested primarily on a determination that Appel's request was, in fact, timely because Appel had the benefit of the five-day mailing rule. In this case, the five-day mailing rule does not apply. See Fla. Admin. Code R. 28-106.103.
[4] Indeed, our own jurisdiction over administrative appeals is not a power guaranteed to us by the constitution, but a matter that the legislature regulates by general law. See Art. V, § 4(b)(2), Fla. Const.