864 So.2d 79 (2003)
Eric Michael PATZ, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Florida Board of Medicine, Appellee.
No. 3D03-1154.
District Court of Appeal of Florida, Third District.
December 24, 2003.
Cohen & Cohen and Donald T. Norton, for appellant.
Avron Bernstein, (Tallahassee), for appellee.
Before GERSTEN, RAMIREZ, and WELLS, JJ.
WELLS, Judge.
Eric M. Patz, M.D., appeals from a final administrative order of the State Board of Medicine granting the Department of Health's motion for default and sanctioning Patz for violations of section 458.331 of the Florida Statutes. We affirm.
On October 18, 2002, the Department of Health filed a two-count administrative complaint against Patz. That complaint was served on December 10, 2002, along with Election of Rights and Explanation of Rights forms advising Patz, among other things, that if he disputed any material fact alleged in the complaint, he could request a formal hearing before an administrative law judge pursuant to section 120.569(2)(a) of the Florida Statutes. The Explanation of Rights form further advised Patz, in bold typeface, that his failure to make such an election within twenty-one days of receipt of the complaint "may be considered a waiver of the right to a formal hearing" under Rule 28-106.111(4) of the Florida Administrative Code, and "the *80 Board [of Medicine] may proceed to hear your case."
Patz did not, however, file the Election of Rights form or otherwise request a formal hearing within the twenty-one day period. In fact, he did not retain counsel until mid-January 2003 and did not execute the Election of Rights form until February 12, 2003, forty-three days late. Consequently, notwithstanding his untimely request for a hearing, the Department moved for and was granted a default by the Board. Thereupon, the Board approved and adopted the allegations of fact and conclusions of law set forth in the administrative complaint and disciplined Patz accordingly.
Patz claims here that entry of a default against him was improper because he did not delay for a protracted length of time in seeking a hearing, because he filed the untimely Election of Rights form before a hearing on the Department's motion for default, and because the Department was not prejudiced by the untimely filing. In support of his argument, Patz relies upon Florida Rule of Civil Procedure 1.500 which governs defaults in a civil proceeding.
This matter is not controlled by the rules of civil procedure. It is governed by section 120.569 of the Florida Statutes,[1] Rule 28-106.111 of the Florida Administrative Code,[2] and the rules of administrative procedure. The well reasoned decision in Cann v. Dept. of Children and Family Servs., 813 So.2d 237, 238-39 (Fla. 2d DCA 2002), confirms that because no evidence of equitable tolling exists,[3] we are obligated to affirm the default judgment:

*81 The Canns argue that the late request should be accepted because the one-day delay was the result of excusable neglect. At least two district courts of appeal have previously applied an excusable neglect standard to determine whether an untimely request for an administrative hearing should be granted. See Unimed Lab., Inc. v. Agency for Health Care Admin., 715 So.2d 1036 (Fla. 3d DCA 1998); Rothblatt v. Dep't of Health & Rehabilitative Servs., 520 So.2d 644 (Fla. 4th DCA 1988). Prior opinions have consistently held that the late filing of a request for an administrative hearing is not a jurisdictional defect. Appel v. Fla. Dep't of State, Div. of Licensing, 734 So.2d 1180 (Fla. 2d DCA 1999). See also Machules v. Dep't of Admin., 523 So.2d 1132 (Fla.1988). In Machules, although the supreme court did not adopt an excusable neglect standard, it did hold that the doctrine of equitable tolling could be applied to extend a similar administrative time limit.
In this case, Florida Administrative Code Rule 28-106.111(2), (4) required that the Canns file their request for an administrative hearing in the office of the Department within twenty-one days from the date they received the Department's notice. Although Florida Administrative Code Rule 28-106.103 allows an additional five days for mailing in some circumstances, that rule expressly excepts requests for hearing under rule 28-106.111. The Canns admit that they understood that their request had to be filed at the Department's office on November 29, 2000. Further, section 120.569(2)(c), Florida Statutes (2000), provides: "A petition shall be dismissed if ... it has been untimely filed." This language, requiring the dismissal of an untimely request, was added by chapter 98-200, section 4, at 1831, Laws of Florida. We conclude that this amendment overruled Unimed Laboratory and Rothblatt to the extent those cases held that an untimely administrative appeal could proceed if the delay was a result of excusable neglect.
We are not inclined to believe that section 120.569(2)(c), Florida Statutes (2000), overruled the holding in Machules that a late request for an administrative hearing is not a jurisdictional defect. We do not need to resolve that issue, however, because the requirements for equitable tolling were not met in this case. In Machules, the Florida Supreme Court stated, "Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum." 523 So.2d at 1134. In this case, none of these three circumstances exist. The agency notice was proper, and the Canns knew the proper forum. Two days for the postal delivery of a letter is not "extraordinary."
Because the Department's rules require the filing of the request for hearing within twenty-one days and section 120.569(2)(c) compels the dismissal of untimely requests, and because equitable tolling provides no exception in this case, we must affirm the Department's order dismissing the Canns' request for hearing as untimely. Cf. Fryer v. Fla. Unemployment Appeals Comm'n, 691 So.2d 27 (Fla. 2d DCA 1997) (affirming Unemployment Appeals Commission order affirming appeals referee's dismissal of request for review because it was untimely; noting, "The statute and rule *82 do not permit any exceptions."). Id. at 27.
We note, however, that we are very sympathetic to the Canns' argument. In administrative matters affecting substantial interests, adopting an excusable neglect standard or a time schedule based on the date of service of requests for hearing would promote legitimate public policies. Unfortunately, this court lacks the power to create either rule for use in administrative proceedings.
(Footnotes omitted).
We, like the Second District before us, recognize that denying a late request for an administrative hearing could be, and perhaps should be, compared to entry of a default in a judicial proceeding, and that the administrative rules should encourage the setting aside of defaults to permit claims to be heard on their merits rather than decided on procedural technicalities. Cann, 813 So.2d at 239. However "the legislature or the relevant agencies are the decision-makers to which these policy arguments must be directed. In the context of administrative law, the courts cannot override a filing rule that does not violate due process." Cann, 813 So.2d at 240. The final order is, therefore, affirmed.
GERSTEN, J., concurs.
RAMIREZ, J. (concurring).
I concur with the majority based on Cann v. Dep't. of Children and Family Servs., 813 So.2d 237 (Fla. 2d DCA 2002) and simply would like to quote from Chief Judge Blue's concurring opinion, with which I agree:
I write to emphasize my disagreement with the rule we are required to enforce. One of the strengths of our system of justice is the belief that conflicts should be decided on the merits. For this reason, we employ the doctrine of "excusable neglect" to prevent the dismissal of potentially meritorious claims for technical defects. This concept has served the public well in the court system. I would ask that the legislature consider providing this equitable relief for those citizens of the state who are required to have their personal and property rights decided in the administrative arena.
Id. at 240.
NOTES
[1] Section 120.569(2)(c), Florida Statutes (2002), which covers administrative decisions affecting substantial interests, provides, in pertinent part:

... Upon the receipt of a petition or request for hearing, the agency shall carefully review the petition to determine if it contains all of the required information. A petition shall be dismissed if it ... has been untimely filed.
(Emphasis added).
[2] Rule 28-106.111, Florida Administrative Code (2002), which covers the point of entry into administrative proceedings that determine substantial interests, provides, in relevant part:

....
(2) Unless otherwise provides by law, persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.
....
(4) Any person who receives written notice of an agency decision and who fails to file a written request for a hearing within 21 days waives the right to request a hearing on such matters.
[3] Patz failed to demonstrate that he was misled or lulled into inaction, that he was in some extraordinary way prevented from asserting his rights, or that he mistakenly asserted his rights in the wrong forum. Thus, equitable tolling does not apply. See Whiting v. Florida Dept. of Law Enforcement, 849 So.2d 1149, 1151 (Fla. 5th DCA 2003)(affirming dismissal of an untimely petition for an administrative hearing under section 120.569(2)(c) because Whiting's mistaken belief as to when the time period for filing a petition ended was insufficient to support a claim of equitable tolling); Jancyn Mfg. Corp. v. State, Dept. of Health, 742 So.2d 473, 476 (Fla. 1st DCA 1999)(refusing to apply equitable tolling doctrine where the Department did not mislead the other party but "was the result of appellant's own inattention").

We also find Foley v. State of Florida Dept. Of Health, 839 So.2d 828 (Fla. 4th DCA 2003), distinguishable. In Foley, the Department of Health confessed error acknowledging that it was equitably estopped from securing a default because it had advised that an untimely Election of Rights would be accepted and that the petitioner had "detrimentally relied upon that representation...." Foley, 839 So.2d at 829. No similar circumstances exist here, and there was no showing that Patz relied to his detriment on anything the Department said or did in not timely filing his election of rights.