LAGOA, J.
Yamila Garcia (“Garcia”) appeals the Florida Real Estate Commission’s (“FREC”) denial of her Motion to Vacate Final Order. For the foregoing reasons, we reverse.
*1200 As a result of two incidents in 2004, the Department of Business and Professional Regulation (“DBPR”) initiated two administrative proceedings against Garcia. The first complaint, case number 2004-003607 (“3607”), was filed on October 22, 2004, and alleged that Garcia misstated the commission rate in a listing agreement with a seller and failed to provide the seller with a copy of the listing agreement within twenty-four hours of obtaining the listing. Garcia timely requested a formal administrative hearing.
The second complaint, case number 2004-035596 (“35596”), was filed on November 16, 2005, and alleged that Garcia committed two violations of Chapter 475, Part I, Florida Statutes (2005). In January of 2006, Garcia’s counsel filed a notice of appearance and contacted the DBPR’s attorney requesting an extension of time to file a responsive pleading or request for a hearing in case number 35596. During that conversation, the DBPR’s attorney proposed a resolution of the complaint through a settlement stipulation. The record is unclear whether that discussion specified whether the settlement resolution was for both case numbers.
Following that conversation, Garcia’s counsel did not file any type of response or request for hearing in case number 35596. The settlement proposal, however, was not transmitted to Garcia’s counsel until February 5, 2007, a year after the conversation occurred between Garcia’s counsel and the DBPR’s attorney.[1] In January of 2007, the DBPR filed a motion for informal hearing in case number 35596. The motion was served on Garcia’s counsel and informed him that the matter would be heard at the February 2007 FREC meeting. On February 20, 2007, the FREC granted the DBPR’s motion, adopted the findings of fact and conclusions of law from the administrative complaint in case number 35596, and determined that revocation of Garcia’s license was the appropriate discipline. Neither Garcia nor her counsel were present. A final order revoking Garcia’s real estate license was entered on March 15, 2007. On March 29, 2007, Garcia’s counsel filed a motion to vacate the final order in case number 35596. After reviewing the record and hearing argument from counsel, the FREC denied Garcia’s Motion to Vacate and this appeal ensued.
On appeal, Garcia argues that the doctrine of equitable tolling applies and that she should be permitted to proceed to a hearing on the merits in case number 35596. She contends that the FREC abused its discretion in denying her motion to vacate the final order in light of the fact that her counsel was “misled or lulled into inaction” during his discussions with counsel for the DBPR. We agree. Generally, the doctrine of equitable tolling is applied when a party “has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.” Machules v. Dep’t of Admin., 523 So.2d 1132, 1134 (Fla.1988) (finding doctrine of equitable tolling applicable in administrative proceeding).
In this instance, we find that the DBPR’s actions sufficiently misled Garcia so as to excuse both her failure to timely respond to the administrative complaint in case number 35596 and to attend the February 20, 2007, FREC meeting. By transmitting the settlement proposal to Garcia’s counsel one year after the initial discussion occurred, and two weeks after Garcia’s counsel received a notice of informal hear *1201 ing on case number 35596, the DBPR acted in a manner that “misled or lulled” Garcia’s counsel into inaction.
Because evidence of equitable tolling exists, we are obligated to reverse and remand to permit Garcia to vindicate her rights by proceeding to an administrative hearing on the merits for case number 35596. Machules, 523 So.2d at 1134-36. Contra Patz v. Dep’t of Health, 864 So.2d 79, 80 (Fla. 3d DCA 2003) (finding that doctrine of equitable tolling did not apply because appellant failed to demonstrate that he “was misled or lulled into inaction, that he was in some extraordinary way prevented from asserting his rights, or that he mistakenly asserted his rights in the wrong forum”); Jancyn Mfg. Corp. v. State Dep’t of Health, 742 So.2d 473, 476 (Fla. 1st DCA 1999) (finding that failure to seek extension or file Chapter 120 proceeding was the result of appellant’s own inattention and therefore equitable tolling doctrine did not apply where the Department did not mislead appellant).
Reversed and remanded for further proceedings consistent with this opinion.

. The stipulation was executed by Garcia on March 19, 2007.