EVANDER, J.
 

 In October 2008, the Department of Financial Services (Department) filed an administrative complaint seeking a suspension of Seavor’s license as a life and health insurance agent based on certain alleged statutory and administrative code violations. When Seavor failed to file a timely petition for a hearing, the Department entered a final order that dismissed her petition for an administrative hearing, accepted the factual allegations set forth in the administrative complaint, and imposed an eighteen-month suspension of Seavor’s license. Seavor then filed a motion for rehearing, alleging that the failure to file a timely petition was the result of excusable neglect. The Department denied the motion and this appeal follows.
 

 On appeal, the Department concedes that based on Seavor’s alleged statutory and administrative code violations, it was improper to impose a suspension in excess of twelve months. We otherwise affirm the Department’s order.
 

 Section 120.569(2)(c), Florida Statutes, was amended in 1998 to specifically provide that a petition for hearing “shall be dismissed if ... it has been untimely filed.” As a result of this amendment, Florida’s appellate courts have uniformly concluded that the excusable neglect standard is not available where a party has failed to timely file a petition for hearing.
 
 See Aleong v. Dep’t of Prof. Reg.,
 
 963 So.2d 799 (Fla. 4th DCA 2007) (doctrine of excusable neglect did not apply to relieve appellant of waiver of right to hearing where petition was untimely filed);
 
 Cann v. Dep’t of Children & Family Servs.,
 
 813 So.2d 237 (Fla. 2d DCA 2002) (excusable neglect standard does not apply in determining whether to grant untimely request for administrative hearing);
 
 see also Patz v. Dep’t of Health,
 
 864 So.2d 79 (Fla. 3d DCA 2003).
 

 Although section 120.569(2)(c) expressly provides that equitable tolling
 
 [1]
 
 is an available defense to dismissal of an untimely filed petition, that defense was not raised below nor would it have been supported by the facts in this case.
 

 This cause is remanded to the Department for the limited purpose of entering a
 
 *724
 
 corrected order reducing Seavor’s license suspension period from eighteen months to twelve months.
 

 AFFIRMED, in part; REVERSED, in part; REMANDED.
 

 SAWAYA and COHEN, JJ., concur.
 

 [1]
 

 . The doctrine of equitable tolling is generally applied when a party has been "misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.”
 
 Machules v. Dep’t of Admin.,
 
 523 So.2d 1132, 1134 (Fla.1988).