ROTHENBERG, J.
Plinio Gonzalez (“Gonzalez”) appeals from a final order of the Florida Department of Financial Services (“the Department”) revoking his license to transact life and health insurance business. We affirm.
Gonzalez was licensed by the Department to transact insurance business on behalf of insurers offering life and health insurance plans to consumers. On August 23, 2010, the Department served Gonzalez with a two-count administrative complaint. The first count alleged that while working for a certain insurer, Gonzalez encouraged an applicant to provide false information, and then Gonzalez submitted a false application to the insurer in violation of the law. The second count alleged that Gonzalez made a willful and material misrepresentation of fact during a sales presentation. The complaint notified Gonzalez that he could request an administrative hearing, and that his written petition must be received by the Department within twenty-one days of the date of service (or by September 13, 2010).
Gonzalez submitted a petition for an administrative hearing, but it was not received by the Department until September 15. Because Gonzalez’s petition was untimely, the Department issued a summary order revoking Gonzalez’s insurance license. In response, Gonzalez submitted an amended petition, contending that his untimely request should be excused pursuant to the equitable tolling doctrine. Gonzalez claimed that the filing delay was due to a mistake caused by hypertension, sleep deprivation, sleep apnea, anxiety, and an overwhelming workload. The Department declined to consider the amended petition, and this appeal followed.
Gonzalez asserts equitable tolling as a defense to the late filing of his petition, and he contends that the Department’s order should be reversed for an evidentia- *471 ry hearing on the merits of his equitable tolling defense. We disagree.
“Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.” Machines v. Dep’t of Admin., 523 So.2d 1182, 1134 (Fla.1988). None of these situations are present here. Gonzalez does not allege that he was misled or lulled into inaction. Nor does he allege that he had any doubt as to the correct forum for filing his petition.
Rather, Gonzalez claims that he mistakenly told his attorney that he had been served with the administrative complaint on August 27, 2010, rather than August 23, and he claims that his mistake resulted from a number of maladies. However, Gonzalez does not dispute that the evidence reflects that he was served on August 23, and Gonzalez admits that he did in fact receive the complaint on that date. Gonzalez has not demonstrated that he was in any way prevented from timely requesting a hearing within the twenty-one-day period. He has merely alleged that he mistakenly failed to do so.
Such a mistake, even if it rises to the level of excusable neglect, does not provide Gonzalez with an escape from the consequences of his late-filed petition. Aleong v. State, Dep’t of Bus. & Prof'l Regulation, 963 So.2d 799, 801 (Fla. 4th DCA 2007). In closing, we quote the following language from this Court:
We, like the Second District before us, recognize that denying a late request for an administrative hearing could be, and perhaps should be, compared to entry of a default in a judicial proceeding, and that the administrative rules should encourage the setting aside of defaults to permit claims to be heard on their merits rather than decided on procedural technicalities. Cann v. Dep’t of Children & Family Servs., 813 So.2d 237, 239 (Fla. 2d DCA 2002). However “the legislature or the relevant agencies are the decision-makers to which these policy arguments must be directed. In the context of administrative law, the courts cannot override a filing rule that does not violate due process.” [Id.] at 240. The final order is, therefore, affirmed.
Patz v. Dep’t of Health, 864 So.2d 79, 82 (Fla. 3d DCA 2003).
Affirmed.