# Third District Court of Appeal

## State of Florida

Opinion filed January 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-683
Lower Tribunal Nos. CD201803647, DI1400142, 1801035

_____

**Heniy Dixon,**
Appellant,

vs.

**Department of Agriculture and Consumer Services, Division of
Licensing,**
Appellee.

An Appeal from the Department of Agriculture and Consumer
Services, Division of Licensing.

Allyn Roque, P.A., and Allyn Roque, for appellant.

Stephen D. Hurm, Director, and Karin Byrne (Tallahassee), Senior
Attorney, for appellee.

Before EMAS, C.J., and SCALES and LINDSEY, JJ.

EMAS, C.J.

Heniy Dixon appeals from a final order issued by the Department of Agriculture and Consumer Services, Division of Licensing (the Division), revoking Dixon's security license and imposing other discipline. The final order denied, as untimely, Dixon's request for an informal hearing. Dixon now appeals the Division's finding of untimeliness, contending it is contrary to provisions of the Florida Administrative Code. We find no error and affirm.

Here are the relevant facts:

The Division received a complaint lodged by a student asserting that Dixon issued a training certificate to that student, even though that student never received any training at all. The Division initiated an investigation, resulting in the issuance of an administrative complaint alleging sixteen counts of improprieties related to false and improper issuance of training certificates. The complaint notified Dixon of the Division's intent "to take disciplinary action . . . including, but not limited to a reprimand, probation, administrative fine, suspension of license, or revocation of license."

The complaint was served on Dixon on January 29, 2020, and contained a "Notice of Rights" page and an "Election of Rights" form. The Notice of Rights page expressly advised Dixon that if he wished to request a hearing, he "must complete the enclosed Election of Rights form and file it with the Division of Licensing within 21 days of receipt of this complaint."

2

The Notice of Rights further advised, in boldface type: "**Failure to file the Election of Rights form with the Division of Licensing within 21 days of receipt of this administrative complaint shall be considered a waiver of your right to a hearing and shall result in the issuance of a final order without the benefit of a hearing**." In like fashion, the Election of Rights form advised, in boldface type: "**This form must be filed at the Division of Licensing office in Tallahassee, Florida, within 21 days of receipt. Failure to do so shall be deemed a waiver of your right to an administrative hearing.**"

Dixon was thus expressly advised that he had twenty-one days—until February 19, 2020—to **file** an Election of Rights form. Dixon mailed his request for an informal hearing to the Division. And although it was postmarked on February 19, it was not received by the Division until February 24. Dixon contends that the form was timely filed because, under the Florida Administrative Code, he is entitled to an additional five days for mailing. A plain reading of the pertinent rules evidences that Dixon's claim is without merit.

Rule 28-106.103 of the Florida Administrative Code, pertaining to the computation of time, provides:

> Except as provided in Rule 28-106.217, F.A.C., five days shall be added to the time limits when service has been made by

regular U.S. mail. One business day shall be added when service is made by overnight courier. ***No additional time shall be added*** if service is made by hand, facsimile transmission, or electronic mail or ***when the period of time begins pursuant to a type of notice described in Rule 28-106.111, F.A.C.***

(Emphasis added).

Rule 28-106.111, referenced above, is entitled "Point of Entry into Proceedings and Mediation," and a review of that rule reveals that the administrative complaint falls within the category of notices that do not permit additional days to be added to the computation of time:

Unless otherwise provided by law, persons seeking a hearing on an agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.

Rule 28-106.111(2), Fla. Admin. Code. See also Patz v. Dep't of Health, 864 So. 2d 79, 81 (Fla. 3d DCA 2003) (providing: "Although Florida Administrative Code Rule 28–106.103 allows an additional five days for mailing in some circumstances, that rule expressly excepts requests for hearing under rule 28-106.111.") (quoting Cann v. Dep't of Children & Family Servs., 813 So. 2d 237, 238-39 (Fla. 2d DCA 2002)). See also Lewis Foster Homes LLC v. Agency for Persons with Disabilities, 281 So. 3d 619 (Fla. 1st DCA 2019) (applying rule 28-106.111 to final order revoking a license where the appellant never requested a hearing); Aleong v. State, Dep't of Bus. & Prof'l Regulation, 963 So. 2d 799 (Fla. 4th DCA 2007) (applying rule 28-

4

106.111(2) to agency order imposing a sanction and rejecting equitable tolling argument).

Dixon's reliance on <u>Appel v. Florida Department of State, Division of Licensing</u>, 734 So. 2d 1180 (Fla. 2d DCA 1999) is misplaced. As pointed out by the Division (and acknowledged in the <u>Appel</u> opinion itself), that decision was premised on a former version of the rule that did not contain the pertinent language at issue here. <u>Id.</u> at 1182 n. 2 (noting: "Rule 28–5.103 was repealed on June 30, 1998. It has been replaced by Florida Administrative Code Rule 28–106.103 which is essentially the same but contains the following additional language: 'No additional time shall be added ... when the period of time begins pursuant to a type of notice described in Rule 28–106.111.'") <u>See also</u> <u>Cann</u>, 813 So. 2d 239 n. 3 ("Our decision in <u>Appel</u>, however, rested primarily on a determination that Appel's request was, in fact, timely because Appel had the benefit of the five-day mailing rule. In this case, the five-day mailing rule does not apply").

Given the plain language of the Florida Administrative Code, the Division correctly denied Dixon's request for an informal hearing as untimely.

Affirmed.