ON PETITION FOR WRIT OF CERTIO-RARI OR PROHIBITION
JOANOS, Judge.'
The Department of Health and Rehabilitative Services (“HRS”) petitions for a writ of certiorari or prohibition, challenging a Career Service Commission order accepting jurisdiction of Figueiral’s appeal. Were we to treat this as a petition for certiorari, the petition would be untimely, since it was not filed within 30 days of rendition of the order to be reviewed.[1] Review pursuant to Section 120.68(1) would also have provided an appropriate remedy subject to a 30 day filing requirement, see Shevin v. PSC, 333 So.2d 9 (Fla.1976). However, Fla.R.App.P. 9.030(b)(3) also provides that this court may issue a writ of prohibition not subject to the 30 day filing requirement, and the language in Rule 9.030(b)(3), unlike the language in Rule 9.030(a)(3), does not restrict the district courts’ ability to issue writs of prohibition to courts. See 32 F.S.A. Rule 9.030 1980 Committee Notes. “The question of jurisdiction has historically been one that is immediately reviewable by extraordinary writ or interlocutory review,” Department of Environmental Regulation v. Career Service Comm., 344 So.2d 1292, 1293 (Fla. 1st DCA 1977). Since the present case involves a question of subject matter jurisdiction, we have determined it is appropriate to consider the case pursuant to our original jurisdiction to issue extraordinary writs.
The issue to be resolved is whether Figueiral achieved permanent employee status prior to his termination, giving him the right to appeal the termination to the Career Service Commission. Figueiral was hired by HRS in provisional status on November 6, 1981. He became a probationary employee on January 1, 1982, and was terminated on May 5, 1982, pursuant to notification of termination given by letter dated April 27, 1982. Even assuming Figueiral was given credit for his provisional status (November 6, 1981, to January 1, 1982) towards his six month probationary period, he did not achieve permanent status and is not entitled to review of his termination by the Career Service Commission.
Respondent relies upon Fla.Admin.Code Rule 22A-7.04(1) which provides:
An employee who has been legally appointed in accordance with this chapter and granted probationary status shall attain permanent status upon completion of six months of satisfactory service in the class ....
Figueiral was notified by letter dated April 27, 1982, that his employment would be terminated effective on May 5, 1981, at 5 p.m., thus he was effectively terminated before he achieved permanent employee status. Our conclusion is based on the authority of Department of Administration v. Career Service Comm., 388 So.2d 14 (Fla. 1st DCA 1980), and Department of Environmental Regulation v. Career Service Comm., supra, from which we are unable to distinguish the present case.
The petition for writ of prohibition is granted and the Commission’s order accepting jurisdiction over Figueiral’s appeal is quashed.
ERVIN, C.J., and SHIVERS, J., concur.

. HRS’s motion for rehearing of the non-final order accepting jurisdiction was not authorized by statute or rule (Rule 22M-2.13 applies to rehearing of final order), thus the time for filing the petition for certiorari was not tolled, see Department of Corrections v. Career Service Comm., 429 So.2d 1244 (Fla. 1st DCA 1983).