499 So.2d 909 (1986)
Robert E. BONDURANT, M.D., Petitioner,
v.
The Honorable Nicholas P. GEEKER, Circuit Judge for the First Judicial Circuit in and for Escambia County, Respondent.
No. BQ-212.
District Court of Appeal of Florida, First District.
December 22, 1986.
Rehearing Denied January 23, 1987.
*910 Danny L. Kepner, of Shell, Fleming, Davis & Menge, Pensacola, for petitioner.
R.P. Warfield, of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, and Donald H. Partington, of Clark, Partington, Hart, Larry, Bond & Stackhouse, Pensacola, for respondent.
PER CURIAM.
Petitioner seeks a writ of prohibition prohibiting the trial judge from allowing a wrongful death action to proceed. Petitioner moved to dismiss the complaint on the ground that the statute of limitations period had expired. The trial court agreed with petitioner's contention that under section 768.57 Fla. Stat. 1986, the complaint filed before 90 days from the date of serving notice of intent to litigate did not toll the statute of limitations. However, the court found that application of the statute under section 768.57(10) was unconstitutional when the cause of action arose prior to the statute's enactment. In effect, petitioner is seeking interlocutory review of an order denying his motion to dismiss, and we therefore deny the writ on procedural grounds.
Petitioner relies primarily on a recent decision in which the Third District granted prohibition on facts similar, though not identical, to those in this case. Public Health Trust of Dade County v. Knuck, 495 So.2d 834 (Fla. 3rd DCA, 1986). The court in Knuck did not discuss the propriety of prohibition in those circumstances, and we will not speculate on the reasons for finding prohibition to be appropriate there. We do find that in the present case, prohibition is not appropriate.
Prohibition is an extraordinary remedy which is only available to prevent an inferior tribunal from acting in excess of its jurisdiction; it is not available to prevent an erroneous exercise of jurisdiction; and it is not available to cure an error when there is an adequate remedy by appeal. English v. McCrary, 348 So.2d 293 (Fla. 1977). The challenged order was entered in a proceeding in which the trial court had both subject matter and personal jurisdiction. The order is nothing more than one rejecting an affirmative defense, and, consequently, denying a motion to dismiss. Petitioner is, at best, attempting to prevent an alleged erroneous exercise of jurisdiction, and the grounds raised in this petition may be raised on direct appeal if petitioner suffers an adverse judgment below. Under English v. McCrary, prohibition is inappropriate in these circumstances.
As mentioned, the trial court here agreed with petitioner's contention that under section 768.57, the statute of limitations period was not tolled by the filing of the complaint, but denied petitioner's motion to dismiss on the ground that retroactive application of the statute would be unconstitutional. In Knuck, the court did not discuss the question of retroactive application of the statute, and there are also factual distinctions between this case and Knuck. However, to the extent that Knuck implies that the extraordinary writ of prohibition is appropriate when a motion to dismiss based on a statute of limitations defense is denied, we disagree with that decision.
Although not raised by petitioner, we are aware that the raising of a statute of limitations defense has been analogized to the right to speedy trial in the criminal forum, (See Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984)) and that the Florida Supreme Court has held prohibition to be appropriate when the right to speedy trial is violated. Sherrod v. Franza, 427 So.2d 161 (Fla. 1983). However, the fundamental constitutional right to speedy trial is not present when a civil defendant seeks to dismiss a complaint on the basis of a statute of limitations defense. In the absence of such fundamental rights, we find the denial of a motion to dismiss may not be remedied by the extraordinary means of prohibition.
*911 Accordingly, the petition for writ of prohibition is denied.
ERVIN, NIMMONS and BARFIELD, JJ., concur.