691 So.2d 504 (1997)
Hon. Maryanne MORSE, Circuit Court Clerk, etc., Petitioner,
v.
Hon. John Dean MOXLEY, Jr., Circuit Court Judge, etc., Respondent.
No. 97-114.
District Court of Appeal of Florida, Fifth District.
March 7, 1997.
Rehearing Denied April 15, 1997.
*505 H. Terrell Griffin of Griffin & Linder, P.A., Orlando, for Petitioner.
John Dean Moxley, Jr., Titusville, pro se.
COBB, Judge.
The Clerk of the Circuit Court of Seminole County, Maryanne Morse, has petitioned this court to issue a writ of prohibition against John Dean Moxley, Jr., acting in his capacity as Chief Judge of the Eighteenth Judicial Circuit of Florida. The dispute arises from an administrative order issued by Moxley which provided:
IN RE: ASSIGNMENT OF TRIAL CLERKS (SEMINOLE COUNTY)
It has come to the attention of the Court that the Clerk of the Court in Seminole County has reassigned two trial clerks without notice to the judges to whom they had been assigned and that this reassignment is likely to result in disruption of court operations in the criminal division.
The Clerk of the Court, when exercising authority under Article V of the Constitution of the State of Florida, is an arm of the Court and is subject to regulation by the Court as authorized by the Supreme Court of Florida. It is apparent that the present procedure used by the Clerk to assign trial clerks is unacceptable to many of the judges and that the status quo should prevail until a more acceptable assignment procedure is implemented by administrative order. Accordingly,
IT IS ADJUDGED:
1. Effective immediately upon the execution of this order, trial clerks shall be assigned to judges as follows:
Circuit Judge Trial Clerk Assigned
Nancy F. Alley Adrienne Fordham
Seymour Benson Susan Staggs
Newman D. Brock Stacey Hartman
Alan A. Dickey Debra Johnson
O.H. Eaton, Jr. Lisa Reed
Thomas G. Freeman Dot Guess
Kenneth R. Lester, Jr. Linda Rubright
Gene R. Stephenson Sharonda Wynn
Leonard V. Wood June Butler
2. The Clerk of the Court shall not take any direct or indirect action to change the above assignments but shall assign additional trial clerks as needed to cover absences, arraignments, docket soundings or other proceedings which require more than one clerk.
3. This order shall be in effect for sixty days or until modified, whichever shall first occur.
In her petition Morse states that the order apparently was entered under color of section 43.26(2)(b), Florida Statutes, which provides that the presiding judge of a circuit has the power to assign clerks and bailiffs. On the other hand, Morse posits that the clerk is vested with constitutional authority by Article V, section 16 of the Florida Constitution and possesses statutory authority, pursuant to section 28.06, Florida Statutes, to appoint deputy clerks. Inherent in this latter authority, she insists, is the power to fire deputy clerks and assign them to the position deemed most appropriate by the clerk. Morse argues in her petition:
If the clerk does not have the power to control her deputies, promote them, fire them, discipline them and assign them, then she cannot properly run her office. Any attempt by the chief judge to usurp the powers inherent in the office of a constitutional officer is outside the jurisdiction of the court. To the extent that § 43.26(2)(b) Florida Statutes gives the Chief Judge the power to assign specific employees of the Clerk to any duty, the statute is unconstitutional.
* * *
The Chief Judge of the 18th Judicial Circuit has neither constitutional nor statutory authority to require the Clerk of the Circuit Court to provide certain personnel for certain duties. The assignment of deputy clerks must necessarily be left within the discretion of the elected Clerk of the Circuit Court. If the Chief Judge has the power to assign a specific deputy clerk to a specific judge, then it would follow that the Chief Judge has the power to assign the Clerk herself to any judicial duty that the Chief Judge sees fit. The Chief Judge could literally assign the Clerk to sit in a *506 courtroom and assist a Circuit Judge during trial when, by constitutional mandate, the Clerk should be attending to her duties as ex officio clerk to the Board of County Commissioners, or as auditor or any one of the other duties that she has to assume upon taking the Office of Clerk of the Circuit Court.
Moxley responds that he acted under the authority of section 42.26, Florida Statutes, Florida Rule of Judicial Administration 2.050(b)(6), and Times Publishing Company v. Ake, 660 So.2d 255 (Fla.1995). The statute provides, in pertinent part:
(1) The presiding judge of each judicial circuit, who shall be a circuit judge, shall exercise administrative supervision over all the trial courts within the judicial circuit and over the judge and other officers of such courts.
(2) The presiding judge of the circuit shall have the power:
* * *
(b) To assign clerks ...;... and
(f) To do everything necessary to promote the prompt and efficient administration of justice in the courts over which he or she presides.
* * *
(5) Failure of any judge, clerk, prosecutor, public defender, or other officer of the court to comply with an order or directive of the presiding judge under this section shall constitute neglect of duty for which such officer may be suspended from office as provided by law.
Moxley argues that the plain meaning of the statute confers upon a chief judge the power to assign clerks as he deems appropriate to promote the "efficient administration of justice in the courts" and that the situation in Seminole County prompted a majority of the judges there to conclude that such efficiency was being undermined by the reassignment of court clerks. Moxley cites to Times Publishing for the proposition that clerks of the circuit court, when acting under their constitutional authority in matters relating to the administrative operation of the courts, are an arm of the judicial branch and subject to the oversight and control of the Supreme Court of Florida.
Morse replies that the court's administrative power does not give it the power to interfere in the administration of the clerk's office. Whereas section 43.26(2)(b) and Rule 2.050(b)(6) provide a basis for the chief judge to require the attendance of clerks in court, these provisions cannot be properly construed to allow a chief judge to assign a specific deputy clerk to a specific judge during a specific time in a specific place because that would divest the clerk of administrative control of her own office.
After careful consideration, we agree with the position asserted by Morse. If we were to allow section 43.26 to have the broad application urged by the Respondent, the statute would run afoul of the constitutional grant of power to the Clerk of the Court. We believe the statute grants only that authority to the Chief Judge as is contended by the Clerk. The hiring and firing, and specific designation of deputy clerks must rest with the Clerk.
We believe, however, that certiorari is the appropriate remedy in this case. Prohibition is a preventative, rather than a corrective remedy; it acts only to prevent the commission of an act, and is not an appropriate remedy to revoke an order already issued. See, e.g., English v. McCrary, 348 So.2d 293 (Fla.1977); State of Florida, Department of Juvenile Justice v. Soud, 685 So.2d 1376 (Fla. 1st DCA 1997); State ex rel. Department of Health and Rehabilitative Services v. Upchurch, 394 So.2d 577 (Fla. 5th DCA 1981).
Accordingly, we treat the instant petition as one for certiorari per Rule 9.040(c), Florida Rules of Appellate Procedure. We find the respondent acted in excess of his jurisdiction and quash the order entered below.
DAUKSCH and THOMPSON, JJ., concur.