849 So.2d 1149 (2003)
Mikel K. WHITING, Appellant,
v.
FLORIDA DEPARTMENT OF LAW ENFORCEMENT, et al., Appellee.
No. 5D02-1892.
District Court of Appeal of Florida, Fifth District.
July 18, 2003.
*1150 N. James Turner of N. James Turner, Esq., P.A., Orlando, for Appellant.
D. David Sessions, Tallahassee, for Appellee, Florida Department of Law Enforcement.
Jack E. Ruby, Assistant General Counsel, Florida Public Employees Relations Commission, Tallahassee, for Appellee, Florida Public Employees Relations Commission.
SHARP, W., J.
Mikel Whiting (Whiting) appeals a final order of the Public Employees Service Commission (PERC), which adopted a hearing officer's recommended order and dismissed his appeal in an employment termination case. We affirm because the record reflects that Whiting failed to timely file his appeal from the Notice of Final Agency Action of Dismissal.
Whiting was a career service employee of the Florida Department of Law Enforcement (FDLE) from October 1, 1999 to March 21, 2002. He was dismissed on March 21, 2002, when a notice of final agency action of dismissal was delivered to him. Whiting filed a notice of appeal with PERC on April 5, 2002. However, FDLE filed a motion to dismiss the appeal as untimely. The basis for this motion was that Whiting was served with the notice by *1151 certified mail, return receipt requested on March 20, 2002,[1] and was personally served with another notice the next day, March 21, 2002.
Pursuant to § 110.227(5), Whiting had 14 calendar days from the date he received the notice to file his appeal. Accepting the date of service as March 21, 2002, Whiting's last day to file the appeal was April 4, 2002. At the hearing, Whiting stated he understood that the 14 days did not commence until the day after he was served, i.e., on March 22, 2002 (which is accurate). Whiting explained he attempted to fax his notice of appeal to PERC on April 4, 2002, but that his attempts were unsuccessful. He concluded "I elected to complete the fax on April 5, 2002 in the morning hours." (emphasis added). Unfortunately for Whiting, this was one day late.
Section 120.569(2)(c) compels dismissal of untimely petitions in administrative hearings concerning substantial rights. See Cann v. Dept. of Children & Family Services, 813 So.2d 237, 239 (Fla. 2d DCA 2002). Late filing is presumed to constitute a waiver of rights. Appel v. Florida Dept. of State, Div. of Licensing, 734 So.2d 1180 (Fla. 2d DCA 1999).
We also conclude Whiting's testimony is insufficient to support a claim of equitable tolling. Machules v. Dept. of Administration, 523 So.2d 1132, 1134 (Fla. 1988). Equitable tolling requires that the party be misled or lulled into inaction; that he was prevented from asserting his rights in some extraordinary way; or that he has timely asserted his rights in the wrong forum. Machules. In this case, Whiting has claimed only his mistaken belief as to when the time period ended, and that PERC's fax was not available to him at the time he wanted to fax his notice.
AFFIRMED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] Whiting disputes that the envelope received that day contained the Notice.