858 So.2d 1138 (2003)
O'DONNELL'S CORPORATION, Appellant,
v.
Himrod AMBROISE, Appellee.
No. 5D03-324.
District Court of Appeal of Florida, Fifth District.
November 7, 2003.
Christopher C. Cathcart of Ossinsky & Cathcart, P.A., Winter Park, for Appellant.
No Appearance for Appellee.
PLEUS, J.
This is an appeal of an "Order Remanding Petition for Relief from an Unlawful Employment Practice." We conclude it is not an appealable order.
Section 120.68(1), Florida Statutes, states:
A party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
Final agency action is that which brings the administrative adjudicatory process to a close. Hill v. Div. of Ret., 687 So.2d 1376 (Fla. 1st DCA 1997). "`The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order....'" Id., quoting Prime Orlando Props., Inc. v. Dept. of Bus. Regulation, etc., 502 So.2d 456, 459 (Fla. 1st DCA 1986). Because the *1139 order on appeal simply remands the petition back to the administrative law judge for further proceedings (i.e., a formal hearing), it is not a final order. Furthermore, O'Donnell's has not established the alternative ground for review under section 120.68. Review of the final agency action would provide an adequate remedy. Consequently, we do not have jurisdiction to review it under section 120.68[1] and Florida Rule of Appellate Procedure 9.110.
APPEAL DISMISSED.
SAWAYA, C.J., concurs, and concurs specially with opinion.
ORFINGER, J., dissents with opinion.
SAWAYA, C.J., concurring and concurring specially.
I fully concur in the majority opinion. I write to respond to the assertion in the dissent that prohibition is an appropriate remedy in this case. The order under review remands the case to the administrative law judge (ALJ) to conduct a hearing and is thus a non-final order. Because the order does not fit within any of the categories of appealable non-final orders listed in rule 9.130(a)(3), Florida Rules of Appellate Procedure, this court does not have jurisdiction to review it. In order to avoid this jurisdictional bar, the dissent argues that the notice of appeal should be treated as a petition for a writ of prohibition. This raises the issue of whether it is appropriate to issue a writ of prohibition in these proceedings. In my view it is not and, therefore, I agree with the majority that the appropriate disposition here is to dismiss this appeal for lack of jurisdiction.
The historical underpinnings of the extraordinary remedy of prohibition help define its present contours. Emanating from rather early decisions of the English courts, the remedy of prohibition was conceived as a way to prevent encroachments on the authority and jurisdiction of the kings' courts by other courts, i.e., ecclesiastical courts, during a time of conflict between church and state. Hence it was intended to be applied as a preventative rather than a remedial measure.
American courts accepted the remedy of prohibition as an integral part of the common law, as developed by the English common law courts, and the remedy became firmly ingrained in American jurisprudence. Staying true to the historical development of the remedy, the Florida courts have consistently held that "[t]he writ is very narrow in scope and operation and must be employed with caution and utilized only in emergency cases to prevent an impending injury where there is no other appropriate and adequate legal remedy." Mandico v. Taos Constr., Inc., 605 So.2d 850, 854 (Fla.1992). Thus, prohibition is the appropriate remedy to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction. Mandico; English v. McCrary, 348 So.2d 293 (Fla. 1977). Because prohibition is preventative, it may not be used to revoke an order already entered. English; State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974); State ex rel. R.C. Motor Lines, Inc. v. Boyd, 114 So.2d 169 (Fla.1959); Department of Children & Family Servs. v. Interest *1140 of J.C., 847 So.2d 487, 491-92 (Fla. 3d DCA 2002); Larcher v. Department of Highway Safety & Motor Vehicles, 736 So.2d 1249 (Fla. 5th DCA 1999); Morse v. Moxley, 691 So.2d 504 (Fla. 5th DCA 1997). Prohibition is also inappropriate if the parties have the right to remedy the wrong by direct appeal. English; Broward County v. Florida Nat'l Props., 613 So.2d 587 (Fla. 4th DCA 1993); Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA 1986). Application of these general principles makes it abundantly clear that prohibition is not an appropriate remedy in the instant case.
The dissent concludes that issuance of the writ is appropriate because section 120.569(2)(c), Florida Statutes (2002), provides that "[a] petition shall be dismissed if... it has been untimely filed." The dissent reasons that excusable neglect is not an exception to the dismissal requirement and that the Commission erred in remanding the case to the ALJ on that basis. The dissent also reasons that it is not necessary to determine whether the doctrine of equitable tolling is applicable because the requirements for that doctrine are not met in the instant case. However, even assuming that excusable neglect has been eliminated as an exception to the dismissal requirement of the statute, equitable tolling remains as a viable exception. See Machules v. Department of Admin., 523 So.2d 1132 (Fla.1988); Whiting v. Florida Dep't of Law Enforcement, 849 So.2d 1149 (Fla. 5th DCA 2003); see also Cann v. Department of Children & Family Servs., 813 So.2d 237 (Fla. 2d DCA 2002). Application of equitable tolling as an exception to the dismissal requirement of section 120.569(2)(c) clearly indicates that the provisions of the statute are not jurisdictional.
This court, in Whiting, provided another clear indication that the dismissal requirement of the statute is not jurisdictional when we held that "[l]ate filing is presumed to constitute a waiver of rights." 849 So.2d at 1151 (citing Appel v. Florida Dep't of State, Div. of Licensing, 734 So.2d 1180 (Fla. 2d DCA 1999)). In Appel, the court held that the petitioner "is entitled to rebut that presumption at an evidentiary hearing." 734 So.2d at 1182 (citation omitted). If late filing is jurisdictional under section 120.569(2)(c), there would be no presumption of waiver and Florida courts would not have jurisdiction to determine whether the presumption had been rebutted.
Moreover, the courts have consistently held that late filing of a request for an administrative hearing is not jurisdictional, but is analogous to a statute of limitations which is subject to equitable exceptions. Machules; Appel; Abusalameh v. Department of Bus. Regulation, Div. of Alcoholic Beverages & Tobacco, 627 So.2d 560 (Fla. 4th DCA 1993); Castillo v. Department of Admin., Div. of Ret., 593 So.2d 1116 (Fla. 2d DCA 1992); Stewart v. Department of Corr., 561 So.2d 15 (Fla. 4th DCA 1990). Prohibition is inappropriate to review an order determining the time limitations under a statute of limitations. In Panagakos v. Laufer, 779 So.2d 296 (Fla. 2d DCA 1999), the court held:
This court lacks jurisdiction to review the denial of a motion to dismiss based on a statute of limitations defense by either a writ of certiorari, see Whiteside v. Johnson, 351 So.2d 759 (Fla. 2d DCA 1977), or a writ of prohibition. This court has no authority through a writ of prohibition to review a trial court's denial of a defendant's motion to dismiss based on the defendant's affirmative defense of statute of limitations. Prohibition is an extraordinary writ that is extremely narrow in scope and operation. It exists to prevent "an inferior tribunal from acting in excess of jurisdiction but *1141 not to prevent an erroneous exercise of jurisdiction." English v. McCrary, 348 So.2d 293, 297 (Fla.1977). When a trial court makes an erroneous ruling on a statute of limitations defense, that error, like any other error concerning an affirmative defense, can be corrected on appeal from a final order. Cf. Mandico v. Taos Constr., 605 So.2d 850 (Fla.1992) (holding that prohibition may not be used to raise affirmative defense of workers' compensation immunity). Although this court in Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), issued a writ of prohibition because an action was barred by the statute of limitations, that opinion does not specifically address the appropriateness of prohibition. Nonetheless, to the extent that it suggests that prohibition is the appropriate remedy, we believe that the reasoning of the supreme court in Mandico requires a contrary conclusion.
Id. at 297.
The decision in Bondurant is also analogous. There, the court refused to issue a writ of prohibition to review an order denying a motion to dismiss based on the statute of limitations. The court held that it would not review an interlocutory order through the issuance of a writ of prohibition because the petitioner had the right to have the order reviewed on direct appeal. The court stated:
Prohibition is an extraordinary remedy which is only available to prevent an inferior tribunal from acting in excess of its jurisdiction; it is not available to prevent an erroneous exercise of jurisdiction; and it is not available to cure an error when there is an adequate remedy by appeal. English v. McCrary, 348 So.2d 293 (Fla.1977). The challenged order was entered in a proceeding in which the trial court had both subject matter and personal jurisdiction. The order is nothing more than one rejecting an affirmative defense, and, consequently, denying a motion to dismiss. Petitioner is, at best, attempting to prevent an alleged erroneous exercise of jurisdiction, and the grounds raised in this petition may be raised on direct appeal if petitioner suffers an adverse judgment below. Under English v. McCrary, prohibition is inappropriate in these circumstances.
Bondurant, 499 So.2d at 910. Therefore, prohibition is inappropriate to review what is, by analogy, a statute of limitations defense that is subject to equitable exceptions.
When the ALJ entered the order of dismissal, it entered a recommended order. It was then the Commission's responsibility to review it and accept, reject, or modify the conclusions of law made by the ALJ. See § 120.57(l), Fla. Stat. (2002). When the Commission entered its order remanding the case to the ALJ for a hearing, the Commission simply rejected the conclusions of law regarding the ALJ's decision to dismiss based on the untimely filing of the request for an administrative hearing. Because the untimely filing of a request for an administrative hearing is not a jurisdictional defect that deprives the ALJ or the Commission of jurisdiction from proceeding to hear the petitioner's complaint, the Commission had jurisdiction to enter the order under review. Therefore, prohibition is inappropriate in the instant case.
It is also obvious that the Commission entered the order under review before this appeal was ever filed. Even if the Commission's order is erroneous as the dissent contends, prohibition is not the proper remedy to revoke an order that has already been entered. In this instance, any error made by the Commission may be corrected on appeal when appellate review *1142 of this matter is appropriate. Furthermore, there is absolutely nothing in the record to remotely indicate that there is any emergency that necessitates issuance of the writ. The only reason to issue the writ is to correct what is perceived to be an erroneous non-final order that is not reviewable under the rules of appellate procedure. In my view, this court should "not condone use of the extraordinary writ procedure to circumvent established appellate rules." J.C., 847 So.2d at 492. Moreover, to allow the use of prohibition in the instant case would, in my view, completely vitiate the limitations placed upon use of the writ and convert it from an extraordinary writ to a commonly used method to appeal any erroneous order.
ORFINGER, J., dissenting.
Because I believe that allowing further consideration of Ambroise's untimely petition for an administrative hearing would be in excess of the Commission's jurisdiction, I believe we should consider this matter as a petition for writ of prohibition and preclude the Commission from taking any further action on Ambroise's petition. See, e.g. Dep't of Health & Rehabilitative Servs. v. Career Serv. Comm'n, 448 So.2d 18, 19 (Fla. 1st DCA 1984) (holding that district courts have power to issue writs of prohibition to administrative agencies to prevent them from exceeding their jurisdiction). As a result, I respectfully dissent.
Himrod Ambroise filed a discrimination complaint with the Florida Commission on Human Relations (Commission), alleging that his former employer, O'Donnell's Corporation, engaged in unlawful employment practices. After an investigation, the Commission found no reasonable cause to believe that an unlawful employment practice had occurred and advised Ambroise in its determination letter that he could request an administrative hearing by "filing a petition for relief within 35 days of the date" of the determination letter. The determination letter further advised Ambroise that if he failed to file a timely request for an administrative hearing, his claim would be dismissed pursuant to section 760.11, Florida Statutes (1992). Thirty-six days later, Ambroise mailed his request for an administrative appeal.
In dismissing Ambroise's request for an administrative hearing, the Administrative Law Judge (ALJ), in a well reasoned order, concluded:
16. The Division of Administrative Hearings has jurisdiction over the parties to and subject matter of this proceeding pursuant to Sections 120.569, 120.57(1), and 760.11(7), Florida Statutes. (All references to Sections and Chapters are to the Florida Statutes. All references to Rules are to the Florida Administrative Code.)
17. Section 760.11(7) provides:
If the commission determines that there is not reasonable cause to believe that a violation of the Florida Civil Rights Act of 1992 has occurred, the commission shall dismiss the complaint. The aggrieved person may request an administrative hearing under ss. 120.569 and 120.57, but any such request must be made within 35 days of the date of determination of reasonable cause and any such hearing shall be heard by an administrative law judge and not by the commission or a commissioner. If the aggrieved person does not request an administrative hearing within the 35 days, the claim will be barred.

(Emphasis supplied).
18. The statute plainly requires that a request for hearing must be "made" within 35 days or "the claim will be barred." Accordingly, an untimely Petition *1143 must be dismissed. See Garland v. Dept. of State, DOAH Case No. 00-1797 (July 24, 2000) (dismissing petition for relief filed 14 days after deadline, and citing other cases in which petitions were dismissed in similar circumstances), adopted in toto, FCHR Case No. 97-1074 (Feb. 8, 2001). And see Section 120.569(2)(c) ("A petition shall be dismissed if ... it has been untimely filed.") (Emphasis supplied).
19. The Commission apparently construes the term "made" to mean "filed." See Debose v. Columbia North Florida Regional Medical Center, FCHR Case No. 97-1298 (Order of Remand in DOAH Case No. 00-3426, dated Feb. 8, 2001), writ of prohibition denied, 793 So.2d 931 (Fla. 1st DCA 2001) (table). However, the effect of the Commission's decision in Debose is that a petition for relief is timely in most instances if it is mailed within 38 days after the determination, no matter when the Commission receives the petition. Accord Carter v. I Drive GC, Inc., FCHR Case No. 98-2228 (Order of Remand in DOAH Case No. 01-2408, dated Apr. 17, 2002) (citing Debose).
20. In reaching its decision in Debose, the Commission relied on its procedural rules, not the Uniform Rules adopted pursuant to Section 120.54(5). Specifically, the Commission relied upon Rules 60Y-4.004(1) and 60Y-4.007(2) which provide:
60Y-4.004 Filing and Copies.
(1) "Filing" or "file" with the Commission, means actual receipt of a document by the Clerk of the Commission at its office, except that during the course of a hearing, a hearing officer or presiding officer may accept a document for filing, in which event the hearing or presiding officer shall note thereon the filing date and shall transmit it to the Clerk. When a document is received by mail, the date of filing shall relate back to the date of the postmark.

* * *
60Y-4.007 Computation of Time Periods.
(2) Whenever a party has a right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon that party and such notice or paper is served by mail, 3 days shall be added to the prescribed period.

(Emphasis supplied).
21. Rules 60Y-4.004 and 60Y-4.007 were adopted in 1978 and apparently have not been amended since. One of the statutes identified as the specific authority for and law implemented by the rulesSection 120.53has since been substantially amended to the point that it no longer could serve as the basis for the rules. See Chapter 96-159, Laws of Florida, at section 5 (deleting those provisions in Section 120.53 which authorized agencies to adopt procedural rules to supplement the former model rules).
22. More importantly, the Commission's procedural rules are in direct conflict with the Uniform Rules. See Rule 28-106.104 (defining filing to mean receipt by the agency clerk with no exception for mailed documents) and Rule 28-106.103 (excepting requests for hearing from the rule that extends deadlines by five days after service by mail).
23. The Uniform Rules became effective on April 1, 1997, and as of that date, the Uniform Rules "shall be the rules of procedure for each agency subject to [Chapter 120] unless the Administration Commission grants an exception *1144 to the agency ..." See Section 120.54(5)(a)1. All agencies subject to Chapter 120 were required to follow the Uniform Rules by July 1, 1998. Id. The Commission is not exempted from these requirements.
24. The Commission does not appear to have received an exception from the Administration Commission for its procedural rules in Rule Chapters60Y-4 or 60Y-5. There is no separate chapter in the Commission's rules identifying such an exception. See Section 120.54(5)(a)3. (exceptions approved by the Administration Commission must be published by the agency in a separate rule chapter in the Florida Administrative Code that clearly delineates the exceptions).
25. As a result, the commission's procedural rulesat least to the extent that they conflict with the Uniform Ruleshave not been effective since at least July 1, 1998. See Dept. of Corrections v. Saulter, 742 So.2d 368, 369-70 (Fla. 1st DCA 1999) (characterizing the effect of Section 120.54(5)(a) as a "legislative repeal" of agency procedural rules in conflict with the Uniform Rules). And cf. Crawford v. Dept. of Children & Families, 785 So.2d 505 (Fla. 3d DCA) (certifying conflict with Saulter, but only on the issue of whether an agency's procedural rule is superceded even if the Uniform Rules do not address the substance of the agency rule), rev. dismissed, 761 So.2d 328 (Fla.2000); Gaston v. Dept. of Revenue, 742 So.2d 517, 521-22 (Fla. 1st DCA 1999) (holding that the Uniform Rules became binding on all agencies on April 1, 1997, and not a later date when the agency gave notice that it was following the Uniform Rules). Accordingly, a determination as to whether the Petition is timely filed must be based upon the Uniform Rules, not the Commission's procedural rules.
26. The pertinent Uniform Rules are Rules 28-106.103, 28106.104, and 28-106.111, which provide:
28-106.103 Computation of Time
In computing any period of time allowed by this chapter, by order of a presiding officer, or by any applicable statute, the day of the act from which the period of time begins to run shall not be included. The last day of the period shall be included unless it is a Saturday, Sunday, or legal holiday, in which event the period shall run until the end of the next day which is not a Saturday, Sunday, or legal holiday. When the period of time allowed is less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in these rules, legal holiday means those days designated in Section 110.117, F.S. Except as provided in Rule 28-106.217, five days shall be added to the time limits when service has been made by U.S. mail. One business day shall be added when service is made by overnight courier. No additional time shall be added if service is made by hand, facsimile telephone transmission, or other electronic transmission or when the period of time begins pursuant to a type of notice described in Rule 28-106.111.

28-106.104 Filing
(1) In construing these rules or any order of a presiding officer, filing shall mean received by the office of agency clerk during normal business hours or by the presiding officer during the course of the hearing.
28-106.111 Point of Entry into Proceedings and Mediation
* * *
(2) Unless otherwise provided by law, persons seeking a hearing on an *1145 agency decision which does or may determine their substantial interests shall file a petition for hearing with the agency within 21 days of receipt of written notice of the decision.

* * *
(Emphasis supplied).
27. Section 760.11(7) provides a 35-day period within which to request a hearing, as compared to the 21-day period described in Rule 28-106.111(2). The language of the statute and the language of the Commission's notice of determination in this case clearly suggest that the 35-day period runs from the date of the determination, not the date that the petitioner receives notice of the determination. See Section 760.11(7) (request for hearing must be made within 35 days of "the date of determination of reasonable cause"). But cf. Joshua v. City of Gainesville, 768 So.2d 432, 438 (Fla. 2000) ("[T]he Legislature chose to make the limitations period [in Section 760.11(8) ] contingent on the receipt of a reasonable cause determination.") (emphasis supplied); Henry v. Dept. of Administration, 431 So.2d 677, 680 (Fla. 1st DCA 1983) ("An agency seeking to establish waiver based on the passage of time following action claimed as final must show that the party affected by such action has received notice sufficient to commence the running of the time period within which review must be sought."); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92-93, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (period for filing a claim under federal law counterpart to Chapter 760 runs from receipt of the determination from the Equal Employment Opportunity Commission (EEOC) by the petitioner or his or her attorney, but unlike Section 760.11(7) the federal statute specifically refers to "receipt" of the determination as the triggering event).
28. The Commission's prior orders also compute the 35-day period from the date of the notice of determination, not the date that Petitioner receives that notice. See Debose, supra; Carter, supra. And cf. Garland, Recommended order, at 3 (computing 35 days from the date of the notice of determination).
29. In this case, it is undisputed that the Notice and the determination were dated May 8, 2002; that the Petition was not even mailed until June 13, 2002, which is 36 days after the determination; and that the Commission did not receive the Petition until July 9, 2002, which is 62 days after the Notice. Accordingly, the Petition is untimely.
30. Even if the 35-day period is computed from the date that Petitioner received the Notice, the Petition in this case is still untimely. By his own admission at the telephonic hearing, Petitioner received the notice of the Commission's determination by at least May 13, 2002. Although the Petition was mailed within 35 days after that date, it was not received by the Clerk of the Commission until July 9, 2002, which is 57 days after Petitioner received the notice of the Commission's determination.
31. Despite the language in Section 760.11(7) which states that an untimely claim "will be barred" if not timely filed, the 35 day filing period is not jurisdictional and is subject to equitable tolling. See Irwin, 498 U.S. at 95-96, 111 S.Ct. 453 (filing period in federal law counterpart to Chapter 760 is not jurisdictional); Donald v. Winn-Dixie Stores, Inc., 19 F.A.L.R. 4357, 4371 (FCHR 1995) (noting that the "period for filing the Petition for Relief is not jurisdictional but is subject to equitable tolling") (citing Clark v. Department of Corrections, 8 F.A.L.R. 679 (FCHR 1985)). And cf. *1146 Rule 60Y-5.008(2) (not implicated in this case, but purporting to authorize the Executive Director of the Commission to extend the deadline for filing a petition for relief "for good cause shown"). However, the circumstances of this case do not implicate the principle of equitable tolling or the related principle of excusable neglect.
32. Specifically, there are no allegations that either the Respondent (or the Commission) lulled Petitioner into inaction or otherwise prevented him from timely asserting his rights. See Machules v. Dept. of Administration, 523 So.2d 1132, 1134 (Fla.1988). The Notice clearly informed Petitioner that his request for an administrative hearing must be "filed" within 35 days of the date of the Notice, and further informed Petitioner that the request "will be dismissed" if it is not filed within that period. The Notice contained the commission's new address, and a blank petition for relief was included with the Notice.
33. Petitioner's response to the Order to Show Cause confirms that his delay in filing the Petition was not attributable to any action or inaction by Respondent or the Commission. Instead, the delay was due to Petitioner's own action or inactioni.e., his inability to obtain a lawyer. That is an insufficient basis to excuse the late filing of the Petition. See Jancyn Manufacturing Corp. v. Dept. of Health, 742 So.2d 473, 476 (Fla. 1st DCA 1999) (lack of legal representation does not excuse inaction that results in an untimely petition for hearing); Irwin, 498 U.S. at 96, 111 S.Ct. 453 (equitable tolling not implicated where delay in filing was attributable to the petitioner's attorney being out of the country when his office received the determination letter from the EEOC).
34. The fact that Petitioner mailed the Petition to the Commission's old address rather than its new address might constitute excusable neglect, cf. Electric Engineering Company, Inc. v. General Electric Canada, Inc., 610 So.2d 51, 52 (Fla. 3d DCA 1992) (finding excusable neglect sufficient to set aside a default where registered agent forwarded complaint to defendant's old address), but only if the 35-day period is computed from the date that Petitioner received the Notice. But cf. Cann v. Dept. of Children & Families[Family Services], 813 So.2d 237, (Fla. 2d DCA 2002) (excusable neglect no longer saves an untimely request for an administrative hearing).
35. If, however, the 35-day period is computed from the date of the determination (as Section 760.11(7), the commission's prior orders, and the Notice provide that it is), the Petition was already untimely when it was mailed because it was mailed on the thirty-sixth day after the date of the determination. Therefore, the fact that Petitioner misaddressed the letter would be of no consequence.
36. Simply put, the circumstances of this case are similar to those in Environmental Resource Associates of Florida, Inc. v. Dept. of General Services, 624 So.2d 330 (Fla. 1st DCA 1993), where the court commented:
There is nothing extraordinary in the failure to timely file in this case. Quite to the contrary, the problem in this case is the too ordinary occurrence of a [party] failing to meet a filing deadline. Id. at 331. See also Cann, 813 So.2d at 238 (affirming dismissal of petition which was mailed prior to the filing deadline but received one day after the deadline); Vantage Healthcare Corporation v. Agency for Health Care Administration, 687 So.2d 306 (Fla. 1st DCA 1997) (finding the doctrine of equitable *1147 tolling inapplicable where petition was sent via overnight courier but was not timely received by agency).
The Commission rejected the ALJ's recommendation that the petition be dismissed as untimely, concluding that Ambroise's failure to timely file was attributable to excusable neglect. I believe the Commission's view is unavailing and the ALJ's conclusion is correct. Section 120.569(2)(c), Florida Statutes (2002), provides: "a petition shall be dismissed if ... it has been untimely filed." (emphasis added.) This language, requiring the dismissal of an untimely request, was added by Chapter 98-200, section 4, at 1831, Laws of Florida. I agree with the conclusion reached in Cann v. Department of Children and Family Services, 813 So.2d 237, 239 (Fla. 2d DCA 2002), that this amendment overruled prior case law that held that an untimely administrative appeal could proceed if the delay was a result of excusable neglect. We need not determine whether equitable tolling might preserve Ambroise's rights as the requirements for equitable tolling were not demonstrated. See Machules v. Dep't of Admin., 523 So.2d 1132 (Fla.1988).
NOTES
[1] We considered the possibility of treating this appeal as a petition for writ of prohibition. See, e.g., Dept. of Health and Rehab. Servs. v. Career Serv. Com'n, 448 So.2d 18 (Fla. 1st DCA 1984) (holding that district courts have power to issue writs of prohibition to administrative agencies to prevent them from exceeding their jurisdiction). However, prior opinions uniformly hold that the untimely filing of a request for an administrative hearing is not a jurisdictional defect. Machules v. Dep't of Admin., 523 So.2d 1132 (Fla.1988); Appel v. Fla. Dep't of State, Div. of Licensing, 734 So.2d 1180 (Fla. 2d DCA 1999).