879 So.2d 657 (2004)
Herbert WILLIAMS,[1] Appellant,
v.
ALBERTSON'S, INC., Appellee.
No. 5D03-3166.
District Court of Appeal of Florida, Fifth District.
August 6, 2004.
*658 Thomas E. Pryor, Jr., of Thomas E. Pryor, Jr., P.A., Orlando, for Appellant.
A. Craig Cameron and Billie L. Bellamy of Cameron, Hodges, Coleman, Lapointe & Wright, P.A., Orlando, for Appellee.
PLEUS, J.
Williams appeals an order dismissing with prejudice her negligence complaint against Albertson's, Inc., for failure to file it within the four year statute of limitations (Williams filed one day late). Williams argues that the lower court erred in dismissing her complaint because an emergency prevented her attorney from timely filing and therefore, the court should have allowed the complaint under the doctrine of equitable tolling. We conclude that equitable tolling does not apply and that the lower court correctly dismissed the complaint. Accordingly, we affirm.
On or about April 3, 1999, Williams entered Albertson's and allegedly fell on a wet floor. She filed a negligence complaint against Albertson's on April 4, 2003, one day beyond the four year statute of limitations. Albertson's filed a motion to dismiss alleging that the complaint was not filed within the applicable statute of limitations. Williams' counsel filed an objection to the motion to dismiss alleging that:
1. Plaintiff would have filed her case by April 3, 2003, but plaintiff's lawyer was contacted by another lawyer, Charles Barfield, who had the tires slashed on his car, a white Toyota Corolla.
2. Plaintiff's lawyer was there while the Orange County Sheriff's Office through one of his deputies conducted an investigation and then when that was finished Plaintiff's lawyer drove Mr. Barfield's wife, Wendy Barfield to work.
3. Then Plaintiff's lawyer assisted Mr. Barfield during that day.
The trial court granted the motion to dismiss with prejudice for failure to file *659 the complaint within four years.[2]
The standard of review of an order granting a motion to dismiss is de novo. Apostolico v. Orlando Regional Health Care Systems, Inc., 871 So.2d 283 (Fla. 5th DCA 2004).
Section 95.11(3)(a), Florida Statutes, requires an action for negligence to be filed within four years. Williams admits she filed her complaint one day late, but argues that she should have been excused because her attorney was busy helping another attorney in an emergency. She argues that these facts are sufficient to excuse the late filing under the doctrine of equitable tolling.
The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period.
. . . .
Generally, the tolling doctrine has been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.
Machules v. Dep't of Admin., 523 So.2d 1132, 1133-34 (Fla.1988) (footnotes omitted, emphasis added). In the instant case, there were no allegations or evidence that Williams' attorney was misled or lulled into inaction or that he timely asserted his client's rights mistakenly in the wrong forum.
Thus, the only possible basis for asserting this doctrine would be that Williams was "in some extraordinary way prevented from asserting [her] rights." An example of such an extraordinary circumstance preventing someone from asserting his rights occurred in Middleton v. Silverman, 430 So.2d 981 (Fla. 3d DCA 1983). In that case, the Dade County Courthouse closed due to a civil disturbance in Miami. The appellate court noted that the plaintiff attempted to file within the limitations period but was frustrated in his attempt by the courthouse closure.
The instant case is clearly distinguishable. Williams' attorney made no attempt to file within the limitations period and the courthouse was open. Instead, the attorney chose to help another attorney with a personal matter on the last day to file. As Albertson's notes, these facts are closer to those in Whiting v. Florida Department of Law Enforcement, 849 So.2d 1149 (Fla. 5th DCA 2003). In Whiting, the appellant attempted to fax his notice of appeal on the last day to file. After two unsuccessful attempts to fax, the appellant "elected" to try again the next day. This Court held those facts were insufficient to allow the late filing under the doctrine of equitable tolling. Like the appellant in Whiting, Williams' attorney "elected" to help a fellow attorney in a personal situation instead of filing a complaint on Williams' behalf.
The remaining cases cited by Williams are also distinguishable because they involve situations where the courthouse was closed on a weekend or holiday on the last day to file. See Thorney v. Clough, 438 So.2d 985 (Fla. 3d DCA 1983) (weekend and legal holiday); Moorey v. Eytchison & Hoppes, Inc., 338 So.2d 558 (Fla. 2d DCA 1976) (weekend); Herrero v. Black & Decker Mfg. Co., 275 So.2d 54 (Fla. 3d DCA) (weekend), approved by Black & *660 Decker Mfg. Co. v. Herrero, 281 So.2d 18 (Fla.1973).
AFFIRMED.
SAWAYA, C.J., and PETERSON, J., concur.
NOTES
[1] Herbert Williams is a woman.
[2] Williams alleges that a hearing on the motion to dismiss took place and that the lower court refused to allow her witness to testify. The court's order confirms there was a hearing, but no transcript of the hearing appears in the record on appeal.