GOLD, MARC H., Associate Judge.

Background

On January 24, 2003, the South Florida Water Management District (SFWMD) issued a Request for Proposal (RFP) for aerial services. Two proposals were submitted, one by Helicopter Applicators, Inc. (Helicopter), the appellant in this matter, and the other by Coastal Air Service, Inc. These proposals were submitted on March 5, 2003. Each proposal was made public ten days later.
On May 16, 2003, the SFWMD posted on its website its notice of decision, indicating that it would enter into contract negotiations with both Helicopter and Coastal.
On August 11, 2003, Helicopter filed a notice of protest, pursuant to § 120.57(3), Fla. Stat., complaining that the bid of Coastal was materially defective. The *1115 SFWMD dismissed the petition, and Helicopter took this appeal.

Analysis

"Whether a complaint of this nature is sufficient to state a cause of action is an issue of law, subject to de novo review. Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489, 495 (Fla. 4th DCA 2001).
The issue before this court is whether the SFWMD erred in dismissing Helicopter’s notice of protest.
Florida Statutes, § 120.57(3) (2003), governs bid protests, and it states:
(b) Any person who is adversely affected by the agency decision or intended decision shall file with the agency a notice of protest in writing within 72 hours after the posting of the notice of decision or intended decision.
Late filing is presumed to be a waiver of rights. Whiting v. Florida Dep’t of Law Enforcement, 849 So.2d 1149 (Fla. 5th DCA 2003).
Helicopter argues that it first learned of the material defect after it became aware of certain deadlines set by SFWMD during negotiations with Coastal which were not met. Within 72 hours of learning this information, Helicopter posted its notice of protest. Given that it acquired this information in August, long after the posting of the notice of decision by SFWMD in May, Helicopter suggests that its first real opportunity to submit a notice of protest commenced on August 7, 2003.
In contrast, the record reflects that Helicopter’s first real opportunity to discover any material defects in Coastal’s submission pursuant to the RFP was ten days after the proposal of Coastal was submitted. At that time, the proposal became public. This material was public record for almost two months before the SFWMD posted its notice of decision.
Helicopter certainly had adequate time to simply review the proposal and see if it was materially defective.
AFFIRMED.
POLEN and MAY, JJ., concur.