961 So.2d 1083 (2007)
ALLAN AND CONRAD, INC., Richard K. Barcant, et al., Petitioners
v.
UNIVERSITY OF CENTRAL FLORIDA, etc., et al., Respondents.
Nos. 5D07-211, 5D07-807.
District Court of Appeal of Florida, Fifth District.
July 27, 2007.
*1084 Stephen M. Bull and Anthony Jaglal of Bull and Associates, P.A., Orlando, for Petitioners Allan and Conrad, Inc., Robert S. Conrad and Richard K. Barcant.
John H. Dannecker and Temple Fett Kearns of Shutts & Bowen, LLP, Orlando, for Respondent University of Central Florida Board of Trustees.
No appearance for Respondents VOA Associates, Inc., and Richard S. Rokicki.
EVANDER, J.
In a single non-final order, the trial court denied petitioners' motion for summary judgment based on the statute of limitations, denied petitioners' motion for summary judgment based on the statute of repose, and granted respondent's motion for partial summary judgment based on the statute of repose. Petitioners seek a writ of prohibition to review the denial of their motion for summary judgment based on the statute of limitations. They also seek certiorari review of those portions of the trial court's order relating to their statute of repose defense. We consolidated these two actions. For the reasons set forth below, we dismiss the petition for *1085 writ of prohibition and deny the petition for writ of certiorari.
Respondent, University of Central Florida's Board of Trustees ("UCF"), filed the underlying action against multiple defendants for what UCF contends are latent construction defects in one of the buildings constructed on UCF's campus. Petitioners are defendants in the pending negligence and breach of contract case. Petitioner Robert Conrad was employed by Allan and Conrad, Inc., and served as the engineer of record for the project. Petitioner Richard Barcant was employed by Allan and Conrad, Inc., and served as the threshold inspector for the construction project. The project was completed in 1989 and the building was used by UCF for classrooms and offices for its College of Business Administration. UCF alleged that in 2002 it discovered that the brick veneer of the building had not been properly installed. UCF filed the underlying lawsuit on June 10, 2004.

PETITION FOR WRIT OF PROHIBITION
As an affirmative defense, petitioners allege that UCF's cause of action was barred by the statute of limitations. The applicable four-year statute of limitations reads as follows:
An action founded on the design, planning, or construction of an improvement to real property, with the time running from the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest; except that, when the action involves a latent defect, the time runs from the time the defect is discovered or should have been discovered with the exercise of due diligence. . . .
§ 95.11(3)(c), Fla. Stat. (1989) (emphasis added).
The parties disagree as to whether the alleged construction defects were patent or latent. There is no dispute that UCF's action would be barred if the alleged construction defects were determined to be patent defects. The trial court did not state its reason for denying petitioners' motion for summary judgment.
The first issue for our determination is whether prohibition is available to review a trial court order which rejects an affirmative defense based on the applicable statute of limitations. In Brogan v. Mullins, 452 So.2d 940 (Fla. 5th DCA 1984), this court issued a writ of prohibition after determining that the trial court erroneously rejected an affirmative defense based on the statute of limitations. In that opinion, this court observed that the Florida Supreme Court had held that prohibition was an available remedy to review a trial court's erroneous failure to discharge a criminal defendant pursuant to the speedy trial rule. Brogan, 452 So.2d at 942 (citing Sherrod v. Franza, 427 So.2d 161 (Fla. 1983)). This court went on to state:
There is no logical distinction in regard to jurisdiction (hence, prohibition) between a civil court and a criminal court after expiration of an applicable statute of limitations. If prohibition lies in one case, it must lie in the other.
Brogan, 452 So.2d at 942.
However, in Mandico v. Taos Construction., Inc., 605 So.2d 850 (Fla.1992), our supreme court addressed the certified question of whether trial court orders denying immunity from civil suit under the worker's compensation statute may be reviewed by a writ of prohibition. In Mandico, *1086 the trial court had denied the defendants' motion for summary judgment based on an immunity from liability defense. The supreme court answered the certified question in the negative and emphasized that a writ of prohibition must be employed with caution. The court quoted English v. McCrary, 348 So.2d 293, 297 (Fla.1977), where the supreme court stated:
Prohibition lies to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction. In this state, circuit courts are superior courts of general jurisdiction, and nothing is intended to be outside their jurisdiction except that which clearly and specially appears so to be.
The supreme court in Mandico went on to state:
Therefore, prohibition may not be used to divest a lower tribunal of jurisdiction to hear and determine the question of its own jurisdiction; nor may it be used to test the correctness of a lower tribunal's ruling on jurisdiction where the existence of jurisdiction depends on controverted facts that the inferior tribunal has jurisdiction to determine.
Mandico, 605 So.2d at 854 (emphasis in original) (citation omitted).
Based on the language in Mandico, we conclude that our decision in Brogan has been implicitly overruled. We hold that prohibition is not available to review a trial court's order that rejects an affirmative defense based on the statute of limitations. We find further support for our decision from Panagakos v. Laufer, 779 So.2d 296 (Fla. 2d DCA 1999). In Panagakos, the trial court had denied a motion to dismiss based on a statute of limitations defense. The petitioner sought review with the appellate court by a petition for writ of prohibition. The Second District Court of Appeal acknowledged that in Swartzman v. Harlan, 535 So.2d 605 (Fla. 2d DCA 1988), it had issued a writ of prohibition where the trial court had erroneously failed to find that the underlying action was barred by the statute of limitations. However, as we do today, the Second District Court of Appeal found Mandico required a contrary conclusion. Panagakos, 779 So.2d at 297.
We dismiss the petition for writ of prohibition.

PETITION FOR WRIT OF CERTIORARI
The trial court determined, as a matter of law, that UCF's action was not barred by the statute of repose. The purpose of a statute of repose is to cut off the right of action after a specified time measured, from the delivery of a product or the completion of work, regardless of the time of the accrual of the cause of action or the notice of the invasion of a legal right. Firestone Tire & Rubber Co. v. Acosta, 612 So.2d 1361, 1363 (Fla.1992).
In this case, the applicable language from section 95.11(3)(c), Florida Statutes (1989),[1] provides:
In any event, the action must be commenced within 15 years after the date of actual possession by the owner, the date of the issuance of a certificate of occupancy, the date of abandonment of construction if not completed, or the date of completion or termination of the contract between the professional engineer, registered architect, or licensed contractor and his employer, whichever date is latest.
*1087 Petitioners contend that the architect for whom they were providing services completed its contract with UCF on April 24, 1989, and that UCF took actual possession of the building on May 15, 1989. No certificate of occupancy was issued, as it was not required. Additionally, there was no abandonment of construction. Accordingly, petitioners argue that the fifteen-year statute of repose period ended on May 15, 2004a date prior to the filing of the underlying lawsuit. UCF contends the statutory repose period did not commence until December 21, 1989, the date on which the contractor completed its contract with UCF. The trial court concluded that the correct measuring point for the commencement of the repose period under the statute's fourth prong was the latest date that any of the following entities completed or terminated their contractthe professional engineer, registered architect, or licensed contractor.
To obtain relief by way of a writ of certiorari, a petitioner must establish: 1) a departure from the essential requirements of the law, 2) a resulting material injury for the remainder of the trial, and 3) the lack of an adequate remedy on appeal. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987).
We find it unnecessary to address the second and third elements because we find no error in the trial court's interpretation of section 95.11(3)(c). The plain meaning of the language utilized by the Legislature supports the trial court's conclusion. Additionally, the preamble to the statute supports the trial court's interpretation. In three of the preamble's paragraphs, the Legislature refers to the date when the improvement to the real property has been completed, not to the date when a particular party's participation in a project has been completed.[2]
Finally, in Florida, limitations defenses are not favored. Accordingly, when there is a reasonable doubt as to legislative intent, the preference is to allow the longer period of time. See Baskerville-Donovan Engineers, Inc. v. Pensacola Executive House Condo. Ass'n, Inc., 581 So.2d 1301, 1303 (Fla.1991); Angrand v. Fox, 552 So.2d 1113, 1116 (Fla. 3d DCA 1989), rev. denied, 563 So.2d 632 (Fla.1990).
The petition for writ of certiorari is denied.
Petition for Writ of Prohibition DISMISSED; Petition for Writ of Certiorari DENIED.
PALMER, C.J., concurs.
SAWAYA, J., concurs specially with opinion.
SAWAYA, J., concurring and concurring specially.
I agree with the analysis and holding of the majority opinion. I write separately to fully explain the reasons for my decision to dismiss the Petition for Writ of Prohibition. Those reasons are explained in my concurring opinion in O'Donnell's Corp. v. *1088 Ambroise, 858 So.2d 1138 (Fla. 5th DCA 2003), which states:
Because prohibition is preventative, it may not be used to revoke an order already entered. English; State ex rel. Harris v. McCauley, 297 So.2d 825 (Fla. 1974); State ex rel. R.C. Motor Lines, Inc. v. Boyd, 114 So.2d 169 (Fla.1959); Department of Children & Family Servs. v. Interest of J.C., 847 So.2d 487, 491-92 (Fla. 3d DCA 2002); Larcher v. Department of Highway Safety & Motor Vehicles, 736 So.2d 1249 (Fla. 5th DCA 1999); Morse v. Moxley, 691 So.2d 504 (Fla. 5th DCA 1997). Prohibition is also inappropriate if the parties have the right to remedy the wrong by direct appeal. English; Broward County v. Florida Nat'l Props., 613 So.2d 587 (Fla. 4th DCA 1993); Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA 1986).
Id. at 1139 (Sawaya, J., concurring and concurring specially). Here, the Petitioners clearly have a remedy on direct appeal to correct the wrong they perceive the trial court committed in entering the order denying their motion for summary judgment based on their statute of limitations defense. For these reasons and those expressed in the majority opinion, I agree that the Petition for Writ of Prohibition should be dismissed.
NOTES
[1] This statute was amended in 2006 to provide for a ten-year statute of repose. See § 95.11(3)(c), Fla. Stat. (2006). However, the amendment only applies to an action commenced on or after July 1, 2006. See Ch.2006-145, § 3, Laws of Fla.
[2] These three paragraphs of the preamble read as follows:

WHEREAS, architects, engineers, and contractors of an improvement to real property may find themselves named as defendants in a damage suit many years after the improvement was completed and occupied, and, . . .
WHEREAS, the availability of professional liability insurance for the engineer, architect, and contractor is more difficult to obtain if they are exposed to potential liability for an indefinite period of time after an improvement to real property has been completed, and, . . .
WHEREAS, the best interests of the people of the state will be served by limiting the period of time an engineer, architect, or contractor may be exposed to potential liability after an improvement has been completed,. . . . (emphasis added)
Ch. 80-322, pmbl., Laws of Fla.