RAMIREZ, J.
Stemerman, Lazarus, etc., et al., petition this Court for a writ of certiorari to review an order that denied their motion to dismiss the Amended Complaint on the grounds that the applicable statute of limitations period barred the claims raised in the Amended Complaint. We dismiss the petition because we lack jurisdiction to review the denial of a motion to dismiss based upon a statute of limitations defense.
Respondent, Trisha Fuerst, brought the underlying medical malpractice suit on behalf of her son. She brought suit against various medical providers, all of whom allegedly failed to timely diagnose the presence of a cyst in the boy’s brain which caused the boy to suffer from tremors/shaking hands.
In the Amended Complaint, Fuerst alleged that Dr. Michael Finer examined the boy on January 18, 2002, and diagnosed him with a benign tremor of the hands. Fuerst also alleged that she continued to have her son examined by other doctors, including other named defendants, through December of 2003. She alleged that between January 2002 and December 2003, none of the defendant physicians ever diagnosed, tested, and ruled out or referred the boy to establish the presence of the cyst. She further alleged that on January 6, 2004, a pediatric neurologist ordered an MRI of the brain. He ultimately diagnosed the presence of the cyst.
Fuerst served a Notice of Intent to Initiate Litigation for Medical Malpractice on November 6, 2007. She filed suit in March of 2008. At that time, the boy was seven years old.
South Florida Pediatric Partners, Dr. Finer, and Dr. Lederhandler moved to dismiss the Amended Complaint. They argued, among other things, that the respondents’ failure to timely initiate the claim *57 within the applicable two-year statute of limitations period required dismissal of the Amended Complaint.
Petitioners argued that, even if you were to assume that they had sought the 90-day automatic extension permitted by section 766.104(2), Florida Statutes, Trisha Fuerst was nowhere close to timely initiating pre-suit in November of 2007. The respondents argued that the normal two-year statute of limitations, that would have been applicable if the boy was an adult, did not apply because he is a child. Because the Notice of Intent and the lawsuit were filed when the boy was seven years of age, and thus before his eighth birthday, the suit was timely filed as a matter of law.
The trial court denied the motion to dismiss holding that the face of the Amended Complaint established that the lawsuit was timely filed since the parties brought suit before the boy’s eighth birthday.
The parties agree with the general proposition that certiorari review does not lie to review the denial of a motion to dismiss based upon a statute of limitations defense. See Allan & Conrad, Inc. v. Univ. of Cent. Fla., 961 So.2d 1083, 1085-86 (Fla. 5th DCA 2007) (holding that prohibition was not available to review the trial court’s order that rejected an affirmative defense based upon the applicable statute of limitations); O’Donnell’s Corp. v. Ambroise, 858 So.2d 1138, 1140 (Fla. 5th DCA 2003) (holding that the appellate court lacked jurisdiction to review the denial of a motion to dismiss based upon a statute of limitations defense by either a writ of cer-tiorari or a writ of prohibition); Panaga-Icos v. Laufer, 779 So.2d 296, 297 (Fla. 2d DCA 1999).
The petitioners, however, argue that certiorari review lies here on the basis that the expiration of the statute of limitations period also constitutes a failure to comply with the pre-suit notice requirements of chapter 766, Florida Statutes. Chapter 766 requires plaintiffs in medical malpractice suits to give notice to all prospective defendants of the intent to pursue litigation. See § 766.106(2), Fla. Stat. (2008). Certiorari review is indeed appropriate when chapter 766 pre-suit requirements are at issue. See Okaloosa County v. Custer, 697 So.2d 1297 (Fla. 1st DCA 1997).
We conclude that the issue before this Court is whether the statute of limitations barred the respondents’ cause of action, not the failure to comply with the pre-suit notice requirements. Therefore, this is an issue appropriately raised upon a motion for summary judgment and not one suitable for certiorari review. On this basis, we decline to quash the order denying the respondents’ motion to dismiss and dismiss the petition for writ of certiorari.