[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11369
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-20497-JAL

ANTHONY L. MOORE,

Plaintiff-Appellant,

versus

MRS. B. E. CHAMBERLAIN, Nurse,
MR. CHANDILIER, Nurse,
MS. L. CONCEPCION, Nurse,
MHM SERVICE, INC.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(April 2, 2014)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony L. Moore, a Florida prisoner proceeding *pro se*, appeals from the

district court's *sua sponte* dismissal, under 28 U.S.C. §1915(e)(2)(B), of his 42 U.S.C. § 1983 civil rights suit for failure to state a claim.  On appeal, Moore argues that his suit should have been construed as an amended complaint which related back to the date of an earlier suit he filed in 2009,[1] ("*Moore I*") which was within the statute of limitations period.  Alternatively, he argues that the district court should have equitably tolled the statute of limitations period.  In *Moore I*, the district court dismissed Moore's deliberate indifference claims against defendants Chandilier and Chamberlain without prejudice for insufficient service of process when the U.S. Marshal was unable to locate them based on the information provided by Moore.

We review a district court's *sua sponte* dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, using the same standards that govern Fed.R.Civ.P. 12(b)(6) dismissals.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

In actions filed pursuant to § 1983, the length of the statute of limitations period and the closely related questions of tolling an application are governed by state law.  *Mullinax v. Mcelhenney*, 817 F.2d 711, 716 (11th Cir. 1987).  Civil rights causes of action are characterized as personal injury actions.  *Owens v. Okure*, 488 U.S. 235, 240-41, 109 S.Ct. 573, 576-77, 102 L.Ed.2d 594 (1989).  In

---

[1] *See Moore v. Warden*, 1:09-cv-22754 (S.D. Fla. Oct. 30, 2012) *appeal docketed*, *Moore v. Albury*, 13-10346 (11th Cir. May, 5, 2013).

2

Florida, the applicable statute of limitations for civil rights actions is four years. Fla. Stat. § 95.11(3)(p). To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar. *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)(quotation omitted).

While Rule 15(c) allows an amended complaint to relate back to the date of filing of an initial complaint in limited circumstances, we have held that dismissal without prejudice of a timely filed complaint does not allow a later complaint to be filed outside the limitations period. Fed.R.Civ.P. 15(c); *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004). Voluntary dismissal of a federal action has the effect of placing the parties in a position as if the suit had never been filed. *Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 989 (11th Cir. 1987).

Nevertheless, under federal law, circumstances may equitably toll a limitations period. *See Bost*, 372 F.3d at 1242. The fact that dismissal of an earlier suit was without prejudice does not authorize a subsequent suit brought outside of the otherwise binding period of limitations, even when the district court dismissed the timely-filed action solely as a result of excusable delay. *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). "Equitable tolling is appropriate when a [plaintiff] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434

3

F.3d 1254, 1261 (11th Cir. 2006) (quotation omitted).  Similarly, Florida law allows for equitable tolling of a statute of limitations when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights mistakenly in the wrong forum.  *Williams v. Albertson's, Inc.*, 879 So.2d 657, 659 (Fla. Dist. Ct. App. 2004).  Due diligence, though necessary, is not sufficient to prevail on the issue of equitable tolling.  *Justice*, 6 F.3d at 1479.  The plaintiff bears the burden of showing that equitable tolling is warranted.  *Bost*, 372 F.3d at 1242.

Moore's claim accrued in September 2007, and he had four years, or until September 2011, to file suit.  Since the instant suit was not filed until February 2013—more than five years after the claim accrued—it was untimely.  Additionally, since Moore's initial suit was dismissed in September 2012, the doctrine of relation back could not save the instant suit from being untimely.  *See Bost*, 372 F.3d at 1242.  Where the district court has dismissed an original, timely complaint, relation-back is unavailable to save a second, virtually identical complaint that is filed after the running of the applicable limitations period.  *See Rohr Indus., Inc.*, 826 F.2d at 989.

Furthermore, Moore does not cite any binding precedent supporting his argument that the U.S. Marshal's failure to serve is the type of extraordinary circumstance that warrants equitable tolling.  Moreover, Moore does not

demonstrate that the defendants have in any way misled or lulled him into inaction, and has not met his burden of demonstrating that equitable tolling was warranted. *Williams*, 879 So.2d at 659.  Accordingly, we affirm.

**AFFIRMED.**