[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14396
Non-Argument Calendar
_____

D.C. Docket No. 8:17-cv-00554-JDW-TGW

ARNOLD MAURICE MATHIS,

Plaintiff-Appellant,

versus

ZULAIKA ZOE VIZCARRONDO,

Defendant-Appellee,

JAMES MICHAEL EVANS,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 2, 2019)

Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Arnold Mathis, a prisoner proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action for violations of the Fourth, Fifth, and Fourteenth Amendments.  First, Mathis asserts the district court erred in dismissing his unlawful arrest claims as barred by the statute of limitations.  Second, he contends the district court erred in dismissing his illegal search claim on the basis of qualified immunity.  After review, we affirm the district court.

## I.  DISCUSSION

### A.  *Unlawful Arrest Claims*

A § 1983 claim is governed by the forum state's residual personal injury statute of limitations.  *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999).  In Florida, "a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act."  *Id.*; *see also* Fla. Stat. § 95.11(3)(p).  The statute of limitations "does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996).  When an allegedly false arrest is followed by criminal proceedings, the statute of limitations for the false arrest begins to run once the claimant becomes detained pursuant to legal process.  *Wallace v. Kato*, 549 U.S. 384, 397 (2007).

2

The district court did not err in dismissing Mathis's unlawful arrest claims as barred by the statute of limitations. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003) (reviewing *de novo* a district court's dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and viewing the allegations in the complaint as true). Accepting Mathis's version of the facts as true, he learned there was no probable cause supporting his December 2011 arrest on February 4, 2013. Thus, the facts supporting his unlawful arrest action were apparent on February 4, 2013, making that date the latest possible accrual date for the statute of limitations. Even using this date, the four-year statute of limitations would have run out on February 4, 2017, almost one month before Mathis filed his complaint on March 1, 2017.

Mathis also contends the statute of limitations was equitably tolled because he was prevented from asserting his rights because he was in Polk County jail until February 2015. However, equitable tolling does not apply. Mathis was not prevented in any way from asserting his rights as he would have been able to file this suit from jail. *See Williams v. Albertson's, Inc.*, 879 So. 2d 657, 659 (Fla. 5th DCA 2004) (explaining Florida law allows for equitable tolling where "the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting his rights, or has timely asserted his rights

3

mistakenly in the wrong forum"). Therefore, the district court did not err in dismissing his unlawful arrest claims as barred by the statute of limitations.

## B. Unlawful Search Claim

The doctrine of "[q]ualified immunity shields public officials from suits against them in their individual capacities for torts committed while performing discretionary duties unless the tortious act violates a clearly established statutory or constitutional right." *Zivojinovich v. Barner*, 525 F.3d 1059, 1071 (11th Cir. 2008). If the official was acting within the scope of his discretionary authority, the burden shifts to the plaintiff to show that the official is not entitled to qualified immunity. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136–37 (11th Cir. 2007). Overcoming the official's qualified immunity defense ordinarily involves a two-part inquiry considering (1) whether facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) whether the right violated was clearly established at the time of the official's alleged misconduct. *Roberts v. Spielman*, 643 F.3d 899, 904 (11th Cir. 2011). Both elements must be satisfied to overcome qualified immunity. *Id.*

The district court did not err in dismissing Mathis's unlawful search claim because Vizcarrondo is entitled to qualified immunity. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007) (stating when reviewing a motion to dismiss on qualified immunity grounds, we determine whether a complaint sets

4

forth a violation of a clearly established constitutional right *de novo*).  First, Vizcarrondo was acting within her discretionary authority when she conducted the warrantless search of Mathis's cell phone because she was performing routine investigatory monitoring of Mathis and his jail visits when the search occurred. Second, while Mathis alleged a constitutional violation—the warrantless search of his cell phone—that right was not clearly established in 2011 when the alleged unlawful search took place.  It was not until 2013 and 2014, two to three years after the search of Mathis's cell phone, that both the Florida Supreme Court and the United States Supreme Court conclusively determined that warrantless searches of cell phones were unconstitutional.  *See Smallwood v. State*, 113 So. 3d 724, 732-33 (Fla. 2013) (holding the search incident to arrest exception to the Fourth Amendment warrant requirement does not permit an officer to search an arrestee's cellphone without a warrant); *Riley v. California*, 573 U.S. 373, 386 (2014) (holding the police may not search digital information on a cellphone seized from an arrested individual without a warrant).  In *Smallwood*, the Florida Supreme Court noted that prior to its decision in 2013, "such searches [had] been held both valid and invalid by various state and federal courts."  *Smallwood*, 113 So. 3d at 728.  Therefore, the constitutional right could not have been clearly established when Vizcarrondo searched Mathis's phone almost two years prior to the

5

*Smallwood* decision.  Because the right was not clearly established at the time she searched Mathis's cell phone, Vizcarrondo is entitled to qualified immunity.

## II.  CONCLUSION

The district court did not err in dismissing Mathis's complaint because Mathis's unlawful arrest claims were barred by the statute of limitations and Vizcarrondo's search of Mathis's cell phone was protected by qualified immunity.[1]

**AFFIRMED.**

---

[1]  As we affirm the district court's holding on these issues, we need not address the district court's alternate holding that Mathis was not entitled to punitive damages under 42 U.S.C. § 1997e(e).